SMITH ET AL. v. McKITTERICK.

1. **Will**: SPECIFIC LEGACY: INTEREST. A bequest of a certain specified sum received from the estate of the testatrix's father was held to be a specific legacy, entitling the legatee to any accessions by way of interest thereon from the death of the testatrix.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, SEPTEMBER 17.

TEMPERANCE CURTS executed her last will, containing the following provisions:

"1. I have and own in my own right the sum of two thousand dollars, received from the estate of my father, which I will and bequeath to my daughters, Amanda and Adeline, in equal shares to them and their heirs and assigns.

"2. Whereas, the will of my deceased husband, John Curts, is now being contested at law by some of the heirs, and, whereas, in case said will should be broken, and held to be void at law, I, as the wife and widow, will be entitled to one-third of all my husband's real and personal property: Now, therefore, if by reason of the premises, I shall become owner of said estate above named, I will and bequeath the same in the following manner:

"I desire that my share and interest in the said real and personal property be converted into money by my executor

as soon as practicable after my decease and the proceeds distributed as follows, to-wit:

"1. To my daughter, Susan Sydell, of Texas, I give the sum of three thousand dollars.

"2. To my daughter, Amelia Moore, of Illinois, the sum of five hundred dollars.

"3. To my daughter, Temperance Cronnover, of Illinois, I give the sum of three thousand dollars.

"4. To my daughter, Anna Bell Danels, of Burlington, Iowa, five hundred dollars.

"5. To my daughter, Eliza Brooks, of Illinois, I give the sum of five hundred dollars.

"6. To the two older daughters of my son Thomas Curts, Adeline and Amanda, I will and bequeath the sum of five hundred dollars each.

"7. To my son, John Frederick Curts, of Illinois, I will and bequeath the rest and residue of all my property, of every nature and kind whatsoever, for him, his heirs and assigns, forever; and I hereby appoint and nominate my friend, Edward McKitterick, executor of this my last will and testament, and authorize him to sell said estate, real and personal, which may come to me as aforesaid."

Temperance Curts died on the 22d day of August, 1875. Letters of administration were not issued to the defendant until August, 1877, because objections to the probate of the will had been filed. The plaintiffs were not a party to said objections. The first publication of notice of the appointment of the executor was made October 6, 1877. At the time of her death Temperance Curts was the owner of a note of $2,000, executed by T. G. Kendall, dated January 26, 1871, bearing interest at ten per cent per annum, payable annually.

On the 31st of August, 1878, the plaintiffs filed their petition, alleging that they are granddaughters of Temperance Curts, and the persons named in her will as daughters, and that by the terms of said will the money which was at inter-

est which Temperance Curts received from her father's estate, and which she held in her own right, was bequeathed to plaintiffs. The plaintiffs ask an order authorizing and directing the administrator to pay them the sum of one thousand dollars each, with interest at the rate of ten per cent per annum from the date of the death of Temperance Curts. The defendant demurred to this petition. The demurrer was sustained and the plaintiffs took leave to amend.

On the 18th day of October, 1878 the plaintiffs filed a petition reaffirming all and each the matters and things included in the original petition on file, and stating that, not knowing whether they can recover on the statements of the original petition, they make the following amendments: "That the property which the executor returns in his inventory was the property which the said Temperance Curts owned in her own right; that the same is the property which she refers to in her will as that which she received from her father's estate; that the said two thousand dollars to be paid to petitioners has been at ten per cent interest since the death of the testator. * * * * And these petitioners ask the sum of one thousand dollars each, with interest at ten per cent from one year from the death of the testatrix. And if, from the facts stated, plaintiffs are not entitled to interest as asked, they pray for interest at six per cent per annum for one year from the death of the testatrix."

The answer denies that petitioners are entitled to any greater sum than one thousand dollars, and alleges that defendant has always been ready to pay over that sum. It is admitted that there is a sufficient amount in the executor's hands, the proceeds of said note, to pay the petitioners' interest as claimed. The court denied the prayer of the petitioners, and directed the executor to pay their said legacies of one thousand dollars each, with interest at six per cent from October 6, 1878, a period one year after the first publication of notice of the granting of letters of administration. The plaintiffs appeal.

*A. M. Antrobus*, for appellants.

*E. S. Huston* and *Hull & Baldwin*, for appellee.

DAY, J.—I. The plaintiffs failed to except to the sustaining of the demurrer to the original petition, and amended their petition. The appellee now insists that plaintiffs cannot rely upon the claim made in the original petition for interest from the date of the death of the testatrix. But the plaintiffs, in their amended petition, reaffirm all and each the matters contained in their original petition. No demurrer was filed to this allegation, nor motion to strike it out. We think, therefore, that the plaintiffs may claim the relief asked in the original petition.

II. The whole question involved is as to when the legacies begin to draw interest, and what rate of interest should be allowed. The plaintiffs claim that the legacies are specific, and that they draw interest from the date of the death of the testatrix, at ten per cent, that being the rate which the note held by the testatrix was drawing at the time of her death. Specific legacies carry any accessions, by way of increase or interest, which accrue after the death of the testator. 2 Redfield on Wills (3d Ed.), 467; *Graybill & Butts v. Warren*, 4 Ga., 528.

The real question in this case is whether the legacies to the plaintiffs are specific or general. In 2 Redfield on Wills (3d Ed.), 132, the distinction between a general and a specific legacy is thus defined: "A legacy is said to be general when it is not answered by any particular portion of, or article belonging to, the estate, the delivery of which will alone fulfil the intent of the testator; and when it is so answered it is said to be a specific legacy, because it consists of some specific thing belonging to the estate, which is, by the legacy, intended to be transferred *in specie* to the legatee." In 2 Williams on Executors (6th Ed.), 1250, it is said: "A legacy is general when it is so given as not to amount to a bequest

of a particular thing or money of the testator, distinguished from all others of the same kind.   A legacy is specific when it is a bequest of a specified part of the testator's personal estate which is so distinguished."   One of the essential properties of a specific legacy is that if the legacy fail by the inadequacy of its subject, the legatee will not be entitled to any recompense or satisfaction out of the general personal estate.   2 Williams on Executors, 1251.

The bequests in question are contained in the following provision of the will: "I have and own in my·own right the sum of two thousand dollars, received from the estate of my father, which I will and bequeath to my daughters Amanda and Adeline, in equal shares to them and their heirs and assigns."   This legacy is a bequest of a specific part of the testatrix's personal estate, viz.: that which she received from the estate of her father.   The bequest thus comes within the definition of a specific legacy, contained in the authorities above cited.   If, by the insolvency of the maker of the note owned by the testatrix at her death, it had happened that the testatrix, at the time of her death, did not own in her own right two thousand dollars, received from the estate of her father, we think it is quite apparent, from the provisions of the will, that the plaintiffs would not have been entitled to compensation out of the remaining portions of her estate. This fact alone fixes the character of the bequest as a specific legacy.   In *Warren v. Wigfall*, 3 Dessau. (S. C.), 47, a bequest in the following form: "I give to my wife the whole of the property she brought me," was held to be specific.

III.   The appellee insists that if the bequest is specific the note itself must be turned over to the plaintiffs.   It appears, however, from the defendant's answer, that he has collected nearly all of the note.   Under such circumstances the defendant must account for the proceeds of the note.   The plaintiffs are entitled to an order for the payment to each of the legacy of one thousand dollars, with interest at the rate of ten per cent from August 22, 1875, the date of the death of

the testatrix, if so much shall be realized from the note in question. If less is realized from the note the plaintiffs are entitled to an order for the payment of that amount.

REVERSED.