ANN BYRNE v. GEORGE HUME, EXECUTOR, ETC.

[See 84 Mich. 185.]

*Will—Specific legacy—Jurisdiction of probate court—Res judicata.*

1. The probate court has jurisdiction to direct the payment of a specific legacy if such payment is withheld, and the construction placed upon the will in the exercise of such jurisdiction is *res judicata*, unless an appeal is taken.

2. A bequest to the father and mother of the testator of a legacy, to be paid out of the testator's life insurance as soon as collected, is held a general legacy, payable out of the general assets of the estate, if the insurance is not collected.

Rehearing, upon application of complainant, of case reported in 84 Mich. 185. Submitted June 10, 1891. Decree affirmed July 28, 1891.

*E. S. Eggleston,* for complainant.

*T. J. O'Brien* and *J. H. Campbell,* for defendant.

LONG, J. This case was in this Court at the October term, 1890, and was decided December 24, following. *Byrne v. Hume,* 84 Mich. 185.

A motion was made for a rehearing, upon the ground that counsel desired an opportunity to reargue the question of the effect of the decision of the probate court giving construction to the will, which we held was *res judicata* to the present bill. A rehearing was granted, and the case has again been argued upon this question, upon both sides, with great learning and ability. We are, however, unable to change our former ruling.

The contention is—

1. That the decision of the probate court was rendered on demurrer to the petition, and not on the merits.

2. That the probate court had no jurisdiction of the subject-matter of the petition, because the legacy was a specific one.

The petition filed in the probate court set out substantially what is set out in the present bill, and the judgment of the probate court upon it is a bar to any further action between the same parties, upon the same state of facts, unless it is apparent that the probate court had no jurisdiction in the matter because of the legacy being a specific one.

Complainant's counsel claims that this was a specific legacy, and was never any part of the assets of the estate of Thomas Byrne, deceased; that, as soon as it was collected, it became the property of William and Ann Byrne; that the judge of probate never had any authority over the money, and all the authority he had was to order the executor to do in regard to it what the testator in his will had directed to be done, and, in case the executor refused, to allow suit to be brought in his name against the executor and his bondsmen. It is therefore contended that the probate court, in construing the will, and in passing upon the petition presented by complainant, acted without authority of law, so far as this particular fund is concerned, as it was not then, and never has been, any part of the assets of the estate over which the probate court or the executor had control; that, by the terms of the will, it vested absolutely in William and Ann Byrne immediately on the death of the testator.

Whether this was a specific legacy or not, in our opinion, does not change the case, so far as the jurisdiction and powers of the probate court are concerned. The court has power and jurisdiction to construe wills, as was held in *Byrne v. Hume*, 84 Mich. 185, and cases there cited. How. Stat. § 6760, provides that—

"The judge of probate shall have jurisdiction of all matters relating to the settlement of the estates of deceased persons."

Whatever this legacy may be called, whether general, specific, or demonstrative, the probate court had jurisdiction to direct, in a proper proceeding, a payment of the legacy, if withheld.

We are not satisfied, however, that this was a specific legacy. The bequest is:

"I give and bequeath to my said father and mother the sum of $3,500, and I direct my executor to pay the sum over to them out of my life insurance money payable to my executor as soon as collected."

A specific legacy is a particular and specified thing singled out, or a particular fund, and, if this fund fail, or the specific thing bequeathed is not in existence to be carried over to the legatee, the legacy cannot be paid out of the assets of the estate. It would not be contended but that these legatees, if the insurance money could not have been collected, would have been entitled to receive the legacy out of the estate generally. It is rather in the nature of a demonstrative legacy, which is a pecuniary legacy, the particular fund being pointed out from which it is to be paid. Under such gifts the legatee will not lose the legacy if the fund fail.

We think it was the intent of the testator that this should be treated as a general legacy, to be paid to his father and mother, at all events, out of the general assets of the estate, unless the money was collected from his life insurance. In this view of the case, the probate court had jurisdiction, in giving construction of the will, over this fund, and its determination of the same questions under the petition which are now presented by this bill must be held final and conclusive upon the claimant, as no appeal was taken from its decision.

Since the case was presented, and the opinion filed ,upon the former hearing, Ann Byrne, the claimant, has died. The cause has been revived in this Court in the name of her administrator, so that the contest, as now presented, is solely between the executor representing the estate of Thomas Byrne, and the children of Ann Byrne, deceased, who are the brothers and sisters of the testator.

We must adhere to our former decision, and the decree of the court below will be affirmed, with costs to be paid out of the estate.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. McGRATH, J., did not sit.