A. C. STILPHEN, Admr., Appellant, from decree of Judge of Probate.

Kennebec.    Opinion April 11, 1905.

*Executors and Administrators.   Decree of Probate Court.   Appeal.   Jurisdiction.*
*Wills.   Specific and Demonstrative Legacies.   Descent and Distribution.*
*How. Ann. Stat. (Mich.), § § 599, 6760.   Code of Civil Proc.*
*(N. Y.), § 2743.   R.S., c. 65, § § 7, 28, 34; c. 67, § 20.*

An administrator has no pecuniary or personal interests which can be affected by a decree of distribution of funds shown by his account to be in his hands.   He has no property rights which can be established or divested by such a decree.   It is immaterial to him to whom he is required to pay over such funds and he cannot be said to be aggrieved by a decree directing him to pay to a legatee rather than to an heir.

But as assignee of the distributive share of one of the heirs at law, the appellant has pecuniary interests and property rights which may be directly affected by a decree of distribution, therefore under the provisions of section 34 of chapter 65, R. S., the appeal was properly taken and prosecuted by the appellant and in his name as assignee of an heir at law.

It is not necessary that the question whether the legacy was specific or demonstrative, should have been determined as a preliminary question by a court of equity and not upon appeal by the Supreme Court of Probate. Jurisdiction of the Probate Court in such case is authorized by the plain terms of the statute and in accordance with the obvious intention of the legislature.   The decree of the Probate Court is subject to revision on appeal to the Supreme Court of Probate, and a direct and convenient mode of procedure is thus provided for reaching a final decision of the question involved in the settlement of the estate.

The distinction between a specific and a demonstrative legacy involves not merely a technical question depending for its solution solely upon the precise language of the bequest, but a substantial inquiry respecting the intention of the testator as shown by the terms of the particular legacy, examined in connection with all the other provisions of the will.   A specific legacy is a bequest of a specific article or particular fund which can be distinguished from all the rest of the testator's estate of the same kind, while a general legacy is payable out of the general assets of the estate.

While a demonstrative legacy partakes of the nature of a specific legacy by designating the fund from which the bequest is to be made, there is a vital distinction respecting the result in case of the failure of the particular fund mentioned.   A specific legacy is adeemed or lost by the extinguishment of the specific thing or failure of the particular fund bequeathed,

while a demonstrative legacy is still payable out of the general assets if the fund specifically mentioned fails. Two elements are necessary to constitute a demonstrative legacy, viz : It must appear first that the testator intended to make an unconditional gift in the nature of a general legacy, and secondly the bequest must indicate the fund out of which it is payable.

In the case at bar, *Held:* that the legacy must be considered a specific one which was adeemed by the failure of the fund. Also held that the balance remaining in the hands of the administrator had not been specifically bequeathed, and should be distributed among the heirs as intestate property.

On report. Appeal from the decree of Judge of Probate. Appeal sustained.

Appeal by A. C. Stilphen, administrator with will annexed on the estate of Mary Augusta Randall, deceased, and also as assignee of James E. White, one of the heirs at law of said deceased, from a decree of distribution made by the Judge of Probate, Kennebec County, wherein it was ordered that the sum of $500.59 remaining in the hands of the appellant as administrator be paid to Mary D. (White) Dike, as legatee under the will of said deceased. After all the testimony had been taken out at the hearing in the appellate court, it was agreed that the testimony should be reported to the Law Court and that "upon so much of the evidence as is legally admissible the Law Court is to render such decree as the law and evidence require."

The case is sufficiently stated in the opinion.

*A. C. Stilphen*, pro se.

*George W. Heselton*, for appellee.

Sitting : Wiswell, C. J., Whitehouse, Strout, Savage, Powers, Spear, JJ., Peabody, J., dissenting.

Whitehouse, J. This is an appeal from a decree of distribution made by the Judge of Probate of Kennebec County wherein it was ordered that the sum of $500.59 remaining in the hands of the appellant as administrator, with the will annexed on the estate of Mary Augusta Randall according to the account filed by him, be paid to Mary D. (White) Dike of Melrose, Mass., as legatee under the will of the testatrix. The appeal is taken by him in his capacity as

administrator and also as assignee of James E. White, one of the heirs at law of the deceased.

By agreement of the parties the case is reported for the determination of the law court as the supreme court of probate. The statute authorizing appeals from decrees of the probate court is as follows:

"Any person aggrieved by an order, sentence, decree or denial, of such Judge . . . . may appeal therefrom to the supreme court to be held within the county, if he claims his appeal within twenty days from the date of the proceeding appealed from." R. S., c. 65, sect. 28. But everyone cannot be deemed aggrieved within the meaning of this statute who is dissatisfied with the decree or may happen to entertain desires upon the subject, but only those whose pecuniary interests are directly affected by the decree; those whose rights of property may be established or divested by the decree. *Wiggin, Administrator* v. *Swett,* 6 Met. 194; *Briard, Appt.* v. *Goodale,* 86 Maine, 100; *Sherer* v. *Sherer,* 93 Maine, 210; *Moore* v. *Phillips,* 94 Maine, 421; *Abbott, Appt.,* 97 Maine, 278.

It is obvious that an administrator has no pecuniary or personal interests which can be affected by a decree of distribution of funds shown by his account to be in his hands. He has no property rights which can be established or divested by such a decree. It is immaterial to him to whom he is required to pay over such funds and he cannot be said to be aggrieved by a decree directing him to pay to a legatee rather than to an heir.

But as assignee of the distributive share of one of the heirs at law, it is equally obvious that the appellant has pecuniary interests and property rights which may be directly affected by a decree of distribution. It is accordingly provided by sect. 34, of chapter 65, R. S., that "any person claiming under an heir at law has the same rights as the heir in all proceedings in probate courts including rights of appeal." It is therefore clear that in this case the appeal was properly taken and prosecuted by the appellant and in his name as assignee of an heir at law.

Under the reasons of appeal the only question raised by the appellant is whether the balance of the estate remaining in his hands as administrator on settlement of his account should be paid to Mary D.

Dike, as a demonstrative legacy or be distributed among the heirs as intestate property.

It has been suggested, however, that whether the legacy to Mary D. Dike was a specific or a demonstrative legacy should have been determined as a preliminary question by the court of equity and not, upon appeal, by the supreme court of probate. But we are unable to concur in his view.

Section 7 of chapter 65, R. S., declares in the first place that the judge of probate "has jurisdiction of all matters relating to the settlement of such estates."

Section 20 of chapter 67, R. S., provides that "when on the settlement of any account of an administrator or executor, there appears to remain in his hands property not necessary for the payment of debts and expenses of administration, nor specifically bequeathed, the judge . . . . shall determine who are entitled to the estate and their respective shares therein under the will or according to law, and order the same to be distributed accordingly."

In the case at bar the administrator appears to have accounted for a balance of $500.59 not necessary for the payment of debts, and finding that it was not specifically bequeathed, the judge of probate ordered it to be paid to Mary D. Dike as legatee under the will of Mary A. Randall.

It is difficult to discover any satisfactory reason why the exercise of jurisdiction of the probate court in such a case is not authorized by the plain terms of the statute, and in accordance with the obvious intention of the legislature. The decree of the probate court is subject to revision on appeal to the supreme court of probate, and a direct and convenient mode of procedure is thus provided for reaching a final decision of the question involved in the settlement of the estate.

This precise question arose in *Byrne* v. *Hume*, 86 Mich. 546, and the jurisdiction of the probate court was sustained by the supreme court, although the only basis of probate jurisdiction in such a case in that state is found in the following provisions of the statute, viz: "The judge of probate shall have jurisdiction of all matters relating to the settlement of the estates of deceased persons." How. Ann. Stat., § 6760. "After the payment of the debts, funeral charges and

expenses of administration and after the allowances made for the expense of the maintenance of the family of the deceased . . . . and after the assignment to the widow of her dower and of her share in the personal estate, etc., the probate court shall by a decree for that purpose assign the residue of the estate, if any, to such other persons as are by law entitled to the same." How. Ann. Stat., § 5964.

In that case the testator bequeathed to his father and mother the sum of $3,500 to be paid out of his "life insurance money as soon as collected." In the opinion the court say: "Whatever this legacy may be called, whether general, specific or demonstrative, the probate court had jurisdiction to direct, in a proper proceeding, a payment of the legacy, if withheld. We are not satisfied, however, that this was a specific legacy . . . . It is rather in the nature of a demonstrative legacy which is a pecuniary legacy, the particular fund being pointed out from which it is to be paid. Under such gifts the legatee will not lose the legacy if the fund fail . . . . In this view of the case the probate court has jurisdiction, in giving construction of the will, over this fund." The court say: "Such power is necessarily involved in the power to assign the estate of a testator on the settlement of an executor's account." So in *Glover* v. *Reid*, 80 Mich. 228.

The same doctrine was announced by the court "*In the matter of Verplanck*," 91 N. Y. 450. It is there said: "The surrogate has jurisdiction over the settlement of the accounts of executors and administrators," and in sect. 2743 (Code of Civil Proc.) it is provided that, "When an account is judicially settled as prescribed in this article, and any part of the estate remains, and is ready to be distributed to the creditors, legatees, next of kin, husband, or wife of the decedent or their assigns, the decree must direct the payment and distribution thereof to the persons so entitled, according to their respective rights. As incident to the duty thus cast upon the surrogate, he must have jurisdiction to construe wills, so far as needful, at least, to determine to whom legacies shall be paid." See also Smith's Appeal, 103 Pa. St. 559.

In this state the statute existing at the time of the decision of *Hanscom* v. *Marston*, 82 Maine, 288, was superseded by the more

definite and comprehensive language of chapter 49 of the laws of 1891, now found in section 20 of chapter 67, R. S., as already shown. That decision is therefore no longer to be considered an authority to support the contention that the question here raised is not cognizable by this court as the supreme court of probate.

Whether or not the decree of the probate judge in this case was correct is the question presented by the appeal to the supreme court of probate, and it is a question not entirely free from difficulty.

The first item in the will is as follows: "I direct my funeral expenses and doctor's bills to be paid from the $1100 now in the hands of my brothers, Charles A. and James D. White of Gardiner, Me., U. S. A." In item second, the testatrix gives to Sarah D. Butler a life estate in "the remainder of the $1100;" and the first clause of item third is as follows: "I give and bequeath to Mary D. White, the eldest daughter of Charles A. White, at the decease of the said Sarah D. Butler, in case the said Sarah D. Butler outlives me, otherwise at my decease, six hundred dollars of said $1100."

It appears from the statement of facts in the case that at the date of her will, June 17, 1878, the testatrix had in the hands of her brothers the sum of $1100 for which she held their promissory note, but in 1883 this sum with interest amounting to $1235.96 was paid to the testatrix and thereafter mingled with her other funds, and no specific fund of $1100 existed at her decease. It also appears that the entire amount of the estate possessed by the testatrix at her decease was exhausted by the administrator in the payment of expenses and specific legacies, and that it was only by reason of the income derived from the bank stock and savings bank deposits after the decease of the testatrix that the balance of $500.59 remained upon settlement of the administrator's account.

It is contended by the appellant that the bequest by the testatrix to Mary D. (White) Dike of $600 of the $1100 then in the hands of her brothers was a specific legacy which was adeemed by the failure of the particular fund bequeathed to her, and hence that the balance of $500.59 in the hands of the administrator should be distributed among the heirs as intestate property. On the other hand it is claimed that construed in the light of all of the other provisions o

the will, the clause in question shows an intention on the part of the testatrix to make an absolute gift of $600 to Mary D. White, payable out of her estate in any event, whether the particular sum of $1100 remained in the hands of her brothers, or should be withdrawn and invested elsewhere. It is accordingly contended that this was a demonstrative legacy, payable out of a designated fund if it existed, but like a general legacy payable out of the general assets of the estate if the particular fund should fail.

The distinction between a specific and a demonstrative legacy involves not merely a technical question depending for its solution solely upon the precise language of the bequest, but a substantial inquiry respecting the intention of the testator as shown by the terms of the particular legacy examined in connection with all of the other provisions of the will. A specific legacy is a bequest of a specific article or particular fund which can be distinguished from all the rest of the testator's estate of the same kind, while a general legacy is payable out of the general assets of the estate.

In Redf. on Wills, (2 ed.) 136, the author says: "There is an intermediate class of legacies between general and specific legacies, where a certain amount of money is given to come out of a particular fund. These are sometimes called, after the denomination in the civil law, demonstrative legacies. This class of legacies is not liable to be adeemed and so fail by the fund being called in or changed, but is still payable out of the general assets. In this respect it partakes more of the nature of a general legacy." See also 1 Roper on Leg., 198.

While a demonstrative legacy partakes of the nature of a specific legacy by designating the fund from which the payment is to be made, there is a vital distinction respecting the result in case of the failure of the particular fund mentioned. A specific legacy is adeemed or lost by the extinguishment of the specific thing or failure of the particular fund bequeathed, while a demonstrative legacy is still payable out of the general assets if the fund specially mentioned fails. Thus it is important to observe that two elements are necessary to constitute a demonstrative legacy. It must appear in the first place that the testator intended to make an unconditional

gift in the nature of a general legacy, and secondly the bequest must indicate the fund out of which it is payable. See *Crawford* v. *McCarthy*, 159 N. Y. 514, and Smith's Appeal, 103 Pa. St. 559, supra. The case of *Byrne* v. *Hume*, 86 Mich., supra, is a good illustration of a demonstrative legacy.

In *Davis* v. *Crandall*, 101 N. Y. 311, the testatrix bequeathed to one legatee "the sum of $243.92, a portion of the debt due me from the said James Davis secured by his notes," and to another "the sum of $243.92 another portion of the debt due me from the said James Davis and secured by his notes." At the time of making the will the testatrix held a single note against James Davis for the amount of the two sums thus bequeathed. It was held that each had a specific legacy for one-half of the note, and in the opinion the court say: "If that note had been paid during the lifetime of the testatrix or otherwise cancelled or destroyed, so that no obligation at her death rested upon James Davis to pay it, the two legatees would have taken nothing."

This case is an authority precisely in point in the case at bar. The language of the bequest is in effect exactly the same. In the case at bar the testatrix bequeathed to Mary D. White $600 of the $1100 in the hands of her brothers; and a careful examination of all the other provisions of the will in connection with this bequest fails to disclose any intention on the part of the testatrix to make an unconditional gift of $600 which should be payable out of her general estate in case of the failure of the fund specially mentioned. Only one of the elements which constitute a demonstrative legacy is found to exist in this case. A particular fund is pointed out from which the sum of $600 is to be paid. That fund was not in existence at the decease of the testatrix. The legacy must be considered a specific one which was adeemed by the failure of the fund. But the balance of $500.59 remaining in the hands of the administrator had not been specifically bequeathed, and should be distributed among the heirs as intestate property, after deducting the appellant's costs and expenses taxed at seventy-six dollars and eighty-one cents.

*Appeal sustained with costs for appellant as stated. Decree of court below reversed. Case remanded for further proceedings in accordance with this opinion.*

## DISSENTING OPINION.

PEABODY, J.  In so much of the opinion of Mr. Justice White-
house as determines the rule for the construction of the will of the
testatrix relative to the legacy in controversy I concur; but I do not
concur in the opinion as to the extent of the equity powers of Pro-
bate Courts in this state.

The Probate Court had authority conferred upon it by Chap. 49
of the laws of 1891, which it did not previously have to adjudicate
between residuary legatees of a testate estate, the heirs at law of an
intestate estate, and as between the residuary legatees and heirs in
case of a controversy as to whether the residuum is testate or intes-
tate property, but only when on the settlement of the administration
account there appears to remain in the hands of an administrator or
executor property not necessary for the payment of debts, expenses
of administration nor specifically bequeathed.  This statute did not
give the probate court jurisdiction to construe wills further than is
necessary to ascertain who are entitled to the balance of the estate and
their respective shares therein left after payment of debts, expenses
of administration, and definite legacies, nor power to order the residue
paid, except to residuary legatees under a residuary clause if any,
of a will, or otherwise to heirs at law.  In his decree the Judge of
Probate has adjudicated that the legacy of Mary D. White was not
a specific legacy which had been adeemed by the testatrix, but was
a demonstrative legacy to be paid generally out of the estate.  This
was an assumption of jurisdiction to construe the will which belongs
only to the equity court, and the decree could not establish the rights
of the parties.  *Hanscom* v. *Marston*, 82 Maine, 288; *Mattocks* v.
*Moulton*, 84 Maine, 545; *Graffam* v. *Ray*, 91 Maine, 234.  Neither
can the decree of this court acting in these proceedings as a supreme
court of probate authoritatively decide between them.  The supreme
court of probate has appellate jurisdiction in matters determinable by
the judge of probate, and may reverse or affirm the sentence or act
appealed from, and pass such decree thereon as the judge of probate
ought to have passed.

The judge of probate could not order the payment of a definite
legacy out of the residuum of the estate.  He had no occasion under

this petition to decide, and did not decide that the sum mentioned in the petition was the true balance left for final distribution. It was sufficient if it so appeared on settlement of the account. If all debts, administration expenses and definite legacies have been in fact paid, the balance is to be distributed to residuary legatees according to the will, if it directs, otherwise to the heirs according to law. The judge of probate had jurisdiction to decree distribution only among these two classes of the residuary fund as he might find it to be testate or intestate property. The question of the existing validity of the legacy to Mary D. White must be determined between the legatee and the administrator with the will annexed, as is the validity of other definite legacies or debts against the estate, preliminary to the proceedings for distribution of the balance remaining. Smith's Probate Law, (4th Ed.) 154.

The suggestion of the counsel for the appellee, that the balance stated in the petition, which may be part of the proceeds of the specific sum of $1100 in the hands of the brother of the testatrix, was in the nature of a remainder, is a fair argument in support of the theory that the testatrix intended the bequest of an amount and not of a particular investment; but the will discloses no intention of the testatrix to dispose of any residuary estate as such. There is no general residuary clause, and there are no testamentary expressions indicating the bequest of a particular residue. The appellant's reasons of objection to the decree, that it does not follow the petition, and does not legally dispose of the balance of the estate, seem to be correct.

We cannot, sitting as the supreme court of probate, decide whether or not the appellee is entitled to the payment of her legacy in full or in part, out of the property in the hands of the administrator with the will annexed, but that under the petition the decree which the judge ought to have made is, that the balance of the personal estate be distributed to the heirs at law of the testatrix as intestate property. This must be the decree of this court. The appeal should therefore be sustained.