(No. 16140.—Appellate Court reversed; circuit court affirmed.)
Belle Baker *et al.* Plaintiffs in Error, *vs.* B. F. Baker, Exr., *et al.* Defendants in Error.

*Opinion filed December 16, 1925—Rehearing denied Feb. 3, 1926.*

1. Wills—*when debts will be held to be a charge upon real estate.* Personal property constitutes the natural and primary fund for the payment of the expenses of administration and the debts of an estate, but where the intention of the testator to charge his real estate with the payment of such obligations is clear, either from the express words of the will or by necessary implication from the language used, debts and other claims will be held to be a charge upon the real estate.

2. Same—*specific legacies and specific devises contribute alike to debts and charges against estate.* Specific legacies and specific devises stand upon the same footing, are subject to the same liabilities, are abated together under the same circumstances and contribute ratably to the payment of debts and charges against the estate, where it appears from the will that the legatees, equally with those who received devises of real estate, were the objects of the testator's bounty.

3. Same—*distinction between specific and general legacies.* The distinction between specific and general legacies is, that the former single out the particular thing which the testator intends the donee to have, no regard being had to its value, while the latter are payable out of the general assets, the chief element of the gift being its value.

4. Same—*what are demonstrative legacies.* Demonstrative legacies partake of the nature of specific legacies in that they are not liable to abate with general legacies upon a deficiency of assets, but they differ from specific and partake of the quality of general legacies in that, if the fund fail out of which they are to be paid, the legatee will be entitled to receive the legacy from the general assets.

5. Same—*when will gives specific legacies.* A clause in a will bequeathing to a church a certain sum, "to be paid out of any moneys or notes" which the testatrix may have on hand at the time of her death, and giving "all the rest and residue of the moneys and notes" which the testatrix may have at her death to another legatee, creates specific legacies, which stand upon the same footing and are subject to the same liabilities as the specific devises given in the will and should abate together and contribute ratably to the payment of the debts and charges against the estate.

6. SAME—*what is essential to a specific legacy.* To constitute a specific legacy it is immaterial whether the property given is described as being part of the testator's estate at the time of making the will, but it is essential that the property be owned by the testator at the time of his death and that it be so described that it can be distinguished from the rest of his estate.

HEARD, J., took no part.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

WILLIAM R. BACH, EDMUND O'CONNELL, and MORRISSEY, SULLIVAN & RUST, for plaintiffs in error.

W. W. WHITMORE, (STELLA E. WHITMORE, of counsel,) for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

By her will Elizabeth Taylor directed the payment of her debts, gave a sum of money to each of six relatives, made the six general legacies a charge against a described piece of real estate, made four specific devises of real estate, disposed of her household goods and personal effects, named Benjamin Baker executor, and by the thirteenth clause made the following gift: "I hereby will and bequeath to the Presbyterian Church at Cooksville, Illinois, the sum of five hundred dollars, the same to be paid out of any moneys or notes which I may have on hand at the time of my death, and all the rest and residue of the moneys and notes which I may have at the time of my death I give and bequeath to my niece, above named, Mrs. Bell Baker, of Heyworth, Illinois." The will was admitted to record by the county court of McLean county. The inventory filed by the executor

319—21

showed real estate worth $41,500 and moneys and notes aggregating $3457.48, and other personal property which, when sold by the executor, brought the sum of $445.85. The report filed by him showed that the debts, claims and expenses of administration amounted to $4817.16, and that he had discharged these obligations by applying the $3903.33 produced by adding to the money on hand that received from the sale of all notes and other personal property and $913.83 contributed by the devisees named in the will. Belle Baker and the Presbyterian Church of Cooksville, plaintiffs in error, filed objections to the report, alleging that the gifts to them by the thirteenth clause of the will are specific legacies, and that they should bear with the specific devises their proportionate share of the expenses of administration and debts of the estate and no more. These objections were overruled and an appeal taken to the circuit court of McLean county. There the objections were sustained and an order was entered directing the executor to amend his report accordingly. The executor and devisees appealed to the Appellate Court for the Third District, and that court, without deciding the character of the legacies, reversed the order of the circuit court and affirmed the order of the county court on the ground that the personal property is primarily liable for the payment of debts, and that the real property is not chargeable with the debts of the estate further than is necessary to discharge the deficit existing after the application of all personal assets. The cause is here on *certiorari.*

The general rule is that the personal property constitutes the natural and primary fund for the payment of the expenses of administration and the debts of the estate, (*Jenne* v. *Jenne,* 271 Ill. 526; *Haynes* v. *McDonald,* 252 id. 236;) but it is also well established that when the intention of the testator to charge his real estate with the payment of such obligations is clear, either from the express words of the will or by necessary implication from the language used,

debts and other claims will be held to be a charge upon the
real estate. (*Simonsen* v. *Hutchinson,* 231 Ill. 508; *Wil-
liams* v. *Williams,* 189 id. 500.) If a man dies intestate
owing debts, payment will be made in the regular order
pointed out by the statute, commencing with the personalty;
but if he dies testate and devises and bequeaths his whole
property specifically, both real and personal, it is an indi-
cation that the recipients of his bounty shall have the estate
in the proportion designated in the will. Where, therefore,
the testator makes various specific gifts of property, and
large amounts of debt, which perhaps were not contem-
plated, are proven against his estate, it is not reasonable to
assume that it was intended by him that the real estate
should be entirely exonerated from his debts by the per-
sonal property. The reasonable construction to give the will
is one that will carry out the plan of the testator in the
distribution of his property as nearly as possible, so that
there will be no disappointment to those who were given
personal property, when from the will it appears that they
were, equally with those who received devises of real es-
tate, the subjects of the testator's bounty. (*O'Day* v. *O'Day,*
193 Mo. 62, 4 L. R. A.—n. s.—922; *In re Hallowell's Es-
tate,* 23 Pa. St. 223; *In re Woodworth's Estate,* 31 Cal.
595.) Specific legacies and specific devises stand upon the
same footing, are subject to the same liabilities, are abated
together under the same circumstances, and contribute rat-
ably for the payment of debts and charges. 3 Pomeroy's
Eq. Jur. (4th ed.) sec. 1137; 3 Woerner on Administration,
(3d ed.) p. 1541; *Dauel* v. *Arnold,* 201 Ill. 570.

All the devises made by the will under consideration are
specific, and the question next to be determined is the char-
acter of the legacies made by the thirteenth clause. Lega-
cies may be classified as specific, demonstrative and general.
The distinction between specific and general legacies is, that
the former single out the particular thing which the testator
intends the donee to have, no regard being had to its value,

while the latter are payable out of the general assets, the chief element of the gift being its value. The third class of legacies differs from general, and such legacies partake of the nature of specific legacies in that they are not liable to abate with general legacies upon a deficiency of assets; yet they differ from specific and partake of the quality of general legacies in so far as, if the fund fail, the legatee will be entitled to receive the legacy out of the general assets. (3 Woerner on Administration,—3d ed.—sec. 444; 3 Pomeroy's Eq. Jur.—4th ed.—sec. 1130; *In re Estate of Wilson,* 260 Pa. 407, 6 A. L. R. 1349; note, 11 L. R. A.—n. s.—49, *et seq.*) The fact that the legacies given by the thirteenth clause are associated with specific devises given by the ninth, tenth, eleventh and twelfth clauses weighs in favor of holding the former specific. The gift of $500 to the Presbyterian church is not simply made a charge against the moneys and notes of testatrix, but there is a specific direction that it shall be paid out of such fund. It seems clear, therefore, that these legacies cannot under any circumstances become charges against the general assets of the estate, and therefore they are neither demonstrative nor general legacies. (*Bullard* v. *Leach,* 213 Mass. 117, 100 N. E. 57; *Meily* v. *Knox,* 269 Ill. 463; *Tanton* v. *Keller,* 167 id. 129.) In *Rexford* v. *Bacon,* 195 Ill. 70, the language of the will was, "all moneys and property which I may have heretofore, or which I may hereafter during my life advance, loan or give to my said sister, are to be hers absolutely," and we held the gift to be a specific legacy. "All the mill stock and bank stock remaining in my name after the decease of my said wife," (*Tomlinson* v. *Bury,* 145 Mass. 346, 14 N. E. 137,) "the sum of four hundred dollars, the said four hundred dollars to be paid by my executor assigning and transferring to the said Herbert Wheeler a certain real estate mortgage upon the farm owned by the estate of the late Daniel Wheeler," (*Wheeler* v. *Wood,* 104 Mich. 414, 62 N. W. 577,) "all my two hun-

dred and fifty shares of capital stock which I hold in the Union Bank of Pennsylvania," (*Blackstone* v. *Blackstone,* 3 Watts, 335, 27 Am. Dec. 359,) "my railroad stock and all money remaining in bank," (*Gardner* v. *McNeal,* (Md.) 82 Atl. 988, 40 L. R. A.—n. s.—553,) six hundred dollars of a described fund of eleven hundred dollars, (*In re Stilphen,* 100 Me. 146, 60 Atl. 888,) "the sum of $243.92, a portion of the debt due me from the said James Davis secured by his notes," (*Davis* v. *Crandall,* 101 N. Y. 311, 4 N. E. 721,) "one-half of all my stock in the following railroads [naming them] and one-half of my stock in the Webster Bank," (*Loring* v. *Woodward,* 41 N. H. 391,) are all held to be specific legacies. The will under consideration in *In re Bush's Estate,* 89 Neb. 334, 131 N. W. 602, gave to a son "all money that I may have in the Omaha National Bank of Omaha" except $1500, and distributed the excepted $1500 equally among three grandchildren, and all four legacies were held to be specific. In *In re Martin,* 25 R. I. 1, 54 Atl. 589, "my stock in the Phenix National Bank" was held to be a specific legacy, and the gift of four notes of named persons, which had been reduced by payments between the time the will was made and the time it became effective, was held to be a specific legacy for the amounts as reduced by payments. It is immaterial whether the property given is described as being part of the testator's estate at the time of making the will, but to be a specific legacy it is essential that the property be owned by the testator at the time of his death and that it be so described that it can be distinguished from the rest of his estate. 3 Pomeroy's Eq. Jur. (4th ed.) sec. 1130, note 1; 2 Redfield on Wills, (2d ed.) p. 132; *Stephenson* v. *Dowson,* 3 Beav. 342, 49 Eng. Rep. 135; *Ashburner* v. *MacGuire,* 2 Brown's Ch. 108, 29 Eng. Repr. 62.

The gifts under the thirteenth clause being specific legacies, they stand upon the same footing and are subject to the same liabilities as the specific devises and should abate

together and contribute ratably for the payment of the debts and charges against the estate.

The judgment of the Appellate Court is reversed and the order of the circuit court is affirmed.

> *Judgment of Appellate Court reversed.*
> *Order of circuit court affirmed.*

Mr. JUSTICE HEARD took no part in this decision.