WATERS *v.* SELLECK, ADMINISTRATOR, ET AL.

[No. 25,870.   Filed February 6, 1930.   Rehearing denied March 18, 1930.]

*Floyd G. Christian, John Ogden* and *Ralph H. Waltz,* for appellant.

*Anderson & Mayfield, Milton B. Hottel* and *Joseph H. Shea,* for appellees.

MARTIN, J.—Appellee Solon B. Selleck, administrator with the will annexed of the estate of John H. Gercke, deceased, brought this action against his co-appellees, Jennie C. Gercke, the widow, and Walter Davis, stepson, of deceased, and against the appellant, Mabel L. Waters, daughter of deceased, praying for a judgment construing Item 1 of decedent's will. This item reads as follows:

> "*I bequeath to my daughter, Mabel L. Waters, Salt Lake City, Utah, or to her heirs, if she shall die before me, five thousand dollars, ($5,000.00) in cash out of the Burbank Estate, Pittsburgh, Pennsylvania.*"

Item 2 of the will bequeathed $100 to Walter Davis and provided that: "All of the residue of my estate both real and personal of which I may die the owner, I will, bequeath and devise to my beloved wife, Jennie C. Gercke, absolutely and without any conditions whatsoever."

The complaint alleges that "Jennie C. Gercke contends that . . . item one . . . gives to . . . Mabel L. Waters a specific legacy wholly payable from the assets of the Burbank Estate and, in the event said Burbank Estate shall fail, that such legacy would fail or fail in the same proportion as said Burbank Estate fails," and that "Mabel L. Waters contends that . . . item one . . . gives to her a legacy which, even though there be a total failure of assets from said Burbank estate, should be paid wholly from the estate of the decedent." The administrator then alleges that all of the assets of the Burbank estate that are to come into his hands will not exceed $2,500.

Mrs. Gercke and Mr. Davis filed an answer alleging that the language of Item 1, taken in connection with the entire will and the surrounding circumstances and statements made by decedent prior to, at, and subsequent to the making of the will, shows that the bequest to Mrs. Waters was to be paid in cash out of the Burbank estate, but not otherwise, and that the testator meant and intended such legacy to be a specific legacy. This answer also alleged that decedent believed his interest in the Burbank estate would yield his estate $16,000 or more. Appellant's answer alleged that, under the terms of the last will and testament of Andrew Jackson Burbank, probated in Allegheny County, Pennsylvania, John C. Gercke, at the time of his death, was the owner of an undivided one-eighth distributive interest in that estate, and alleged that "the interest of the testator (Gercke) . . . shown by item one . . . in connection with the language and wording of the entire will . . . (is) . . . that if said Burbank estate did not pay to . . . Gercke's estate sufficient funds to pay said legacy, that all or any balance of said legacy . . . should be paid from and become a charge upon the gen-

eral assets of the estate of John H. Gercke," etc. Replies to the several answers closed the issues.

At the request of both parties, the court made a special finding of facts and stated its conclusions of law thereon. Finding No. 1 found the date of death of John H. Gercke, set out a copy of his will, the probate of the same and the appointment of Selleck as administrator. No. 2 found that the parties to this action (other than Selleck) are the only beneficiaries. No. 3 reads in part as follows:

> "That Solon B. Selleck was called by the decedent to write his said will. That said Selleck was ordered and directed by said Gercke to prepare his said will so as to provide that his said daughter Mabel L. Waters should receive the sum of Five Thousand Dollars, ($5,000.00) in cash to be paid out of money derived from the Burbank estate; Pittsburgh, Pennsylvania, . . . "

and finds that, pursuant to said order and direction, Item 1 of the will was prepared. No. 4 found that the will of Andrew Jackson Burbank giving John H. Gercke one-eighth of his estate has been probated, that the Gercke estate had received from the Burbank estate approximately $900, and that both estates are still pending. No. 5 found that the widow, Jennie C. Gercke, is the residuary devisee and legatee under the will and had renounced her right to take under the law and had elected to take under the will. No. 6 referred to the bequest of $100 to Walter Davis. No. 7 reads as follows:

> "That the defendant, Mabel L. Waters, is a daughter of John H. Gercke, deceased, by a former marriage and by item one of the will of said decedent she receives a bequest of five thousand dollars, ($5,000.00) in cash to be paid out of receipts from the estate of Andrew J. Burbank, deceased."

No. 8 finds that the administrator of Gercke's estate has

filed a current report showing charges of $3,593.47, credits of $1,193.68, leaving him chargeable with a balance of $2,400.79.

The conclusions of law (except No. 5, which taxed the costs against Mabel L. Waters) were as follows:

"1. That under the will of John H. Gercke, deceased, the defendant, Mabel L. Waters, receives a bequest of five thousand dollars, ($5,000.00) payable in cash from the avails of the estate of Andrew J. Burbank, deceased, and not otherwise.

"2. That the said bequest to the defendant, Mabel L. Waters, is a specific legacy, payable out of the avails of estate of Andrew J. Burbank, deceased, and not otherwise. It is not a demonstrative legacy and cannot participate in the assets of the estate of John H. Gercke other than assets derived from the estate of Andrew J. Burbank, deceased.

"3. That if the estate of Andrew J. Burbank, deceased, shall fail to yield Five Thousand Dollars, ($5,000.00) the legacy of the defendant, Mabel L. Waters, will fail to the extent of the deficit.

"4. That the defendant, Jennie C. Gercke, is the residuary legatee and entitled to receive all of the assets of said estate after the payment of necessary expenses and all special bequests to the defendant Walter L. Davis, except the funds derived from the estate of Andrew J. Burbank, deceased."

The only errors assigned are that the court erred in each of its several conclusions of law.

A *SPECIFIC legacy* is a bequest of some definite, specific part of the testator's estate which is capable of being designated and identified, and distinguished from other like things. It may consist of money if it is designated with sufficient certainty. A *GENERAL legacy* is one payable out of the general assets of a testator's estate, such as a gift of money or other thing in quantity and not in any way separated or distinguished from other things of like kind. A *DEMONSTRATIVE legacy* partakes of the nature of both

a general and specific legacy, it is a gift of a sum of money payable out of a specifically described fund primarily and out of the general estate if the fund designated proves insufficient. Rood, Wills §§705, 707; 40 Cyc 1869, 1870; 28 R. C. L. 289-292, *Roquet, Admr.,* v. *Eldridge* (1889), 118 Ind. 147, 20 N. E. 733.

If the testator here had said in his will: "I bequeath to my daughter . . . out of the money coming to me from the Burbank Estate and not otherwise the sum of $5,000 in cash," there would be no question but that such bequest is a specific legacy. If the testator had said: "I bequeath to my daughter . . . $5,000 in cash and direct my executor to pay it out of the money coming to me from the Burbank Estate, if possible, otherwise out of any funds in his hands," there would be no question but that such bequest is a demonstrative legacy. Item 1 of the testator's will does not express as definitely and completely as it should the testator's intent, but the trial court, for the purpose of ascertaining that intent, may look to the other parts of the will and examine the circumstances which surround the making of the will. 40 Cyc 1872. The court found as a fact that the testator directed the scrivener to prepare his will so as to provide that his daughter "should receive the sum of $5,000 in cash *to be paid out of money derived* from the Burbank Estate." No error has been assigned on these findings, the evidence is not in the record, and we must accept the findings as true and correct.

The appellant, in contending that the bequest made in Item 1 is a demonstrative legacy relies upon the application of two well-settled rules of testamentary construction, viz.: (1) That the courts are inclined against holding legacies to be specific; and (2) that if a legacy of a certain amount is given,

payable out of a specific fund, the court will presume that its designation of the fund is demonstrative only. 40 Cyc 1874, n. 9; Rood, Wills §707; 28 R. C. L. 293. But whether a legacy is general, specific or demonstrative is not governed by any arbitrary rules, Rood, Wills §707, it depends entirely upon the intention of the testator (40 Cyc 1871, citing *Walls* v. *Stewart* [1851], 16 Pa. St. 275, and other cases), and the rules of construction contended for by appellant do not control as against the intent of the testator when that intent is ascertained. Thus, where it appears to be more in accord with the intention of the testator, a legacy naming a particular fund out of which it is to be paid will be held to be specific and not demonstrative, *Stilphen's Appeal* (1905), 100 Me. 146, 60 Atl. 888, 4 Ann. Cas. 158, 10 Prob. Rep. Ann. 482; or may be treated as a general legacy notwithstanding such designation, 40 Cyc 1875, citing *Byrne* v. *Hume* (1891), 86 Mich. 546, 49 N. W. 576; *Glass* v. *Dunn* (1867), 17 Ohio St. 413. In *Stilphen's Appeal, supra,* it was said:

> "The distinction between a specific and a demonstrative legacy involves not merely a technical question depending for its solution solely upon the precise language of the bequest, but a substantial inquiry respecting the intention of the testator as shown by the terms of the particular legacy, examined in connection with all of the other provisions of the will."

If a legacy is given payable only out of a specified fund, it is a specific, not a demonstrative legacy, Rood, Wills §708, and a bequest designated by its source or origin, as the proceeds of a certain sale, or the sum received or obtained from a certain estate, is ordinarily regarded as specific. We have collected in

the footnote[1] quotations from the wills involved in numerous cases, illustrative of this principle.

Under the facts as found by the court, the legacy contained in Item 1 of testator's will was a ■ specific legacy and the court's conclusions of law were correctly drawn.

Judgment affirmed.

---

[1] Bequests in the following words have been held to be specific and not demonstrative legacies:

"I give and bequeath out of the portion or share of my father's estate that may come to me, one thousand dollars to my brother, Joseph Gelbach." *Gelbach* v. *Shively* (1887), 67 Md. 498, 10 Atl. 247.

"I wish my executors . . . to proceed to obtain the sum of $5,000 from my share of Dr. Dempster's estate, and place it in the care of the Methodist Episcopal Conference," etc. *Estate of Goodfellow* (1913), 166 Cal. 409, 137 Pac. 12.

"I have and own in my own right the sum of two thousand dollars, received from the estate of my father, which I will and bequeath to my daughters Amanda and Adeline," etc. *Smith* v. *McKitterick* (1879), 51 Iowa 548, 2 N. W. 390.

"I hereby will and bequeath to the Presbyterian church at Cooksville, Illinois, the sum of five hundred dollars, the same to be paid out of any moneys or notes which I may have on hand at the time of my death," etc. *Baber* v. *Baker* (1925), 319 Ill. 320, 150 N. E. 284, 42 A. L. R. 1514.

"I give and bequeath to Mary D. White . . . six hundred dollars of said $1,100, . . . (now in the hands of my brothers Charles A. and James D. White)." *In re Stilphen* (1905), 100 Me. 146, 60 Atl. 888, 4 Ann. Cas. 158.

"I direct my daughter Isabella, out of the moneys belonging to me on deposit in her name, to pay my said son the sum of fifteen hundred dollars." *Crawford* v. *McCarthy* (1899), 159 N. Y. 514, 54 N. E. 277.

"I will and desire that such portion of the purchase money of my old home plantation which I sold to my son Clarkson as may still be owing me at my death, and any of this money then on hand, shall be equally divided between my said children," etc. *Starbuck* v. *Starbuck* (1885), 93 N. C. 183.

"I direct my executor to sell . . . my two properties, numbered 1721 and 1723 Reed street . . . and to hold the proceeds of sale in trust until my granddaughters, Emily . . . and Florence . . . shall respectively reach the age of twenty-one years, when he shall pay to each of them the sum of $2,000," etc. *Devine's Estate* (1901), 10 Pa. Dist. Rep. 273, 25 Pa. Co. Ct. 260.

"To J. Elbert Davis 'the sum of $243.92, a portion of the debt due me from the said James Davis secured by his notes.'" *Davis* v. *Crandall* (1886), 101 N. Y. 311, 4 N. E. 721.