GEORGE W. WILLIAMS

*v.*

JAMES S. WILLIAMS *et al.*

*Opinion filed February 20, 1901—Rehearing denied April 10, 1901.*

1. WILLS—*when alleged misdescription of land devised cannot be corrected.* A devise of "forty acres of land, the same being the *north-east* forty of section 22," cannot be construed to mean three tracts of land containing some forty-one acres in all, one of which is situated in the *north-west* quarter and the other two in the *south-west* quarter of said section 22, even though the testator did not own the land devised but did own the other three tracts, which were not devised to any person by a specific description thereof.

2. SAME—*ordinarily, debts and legacies are payable from personal estate.* Debts and legacies are ordinarily to be paid from the personal property, and where there is a deficiency of personal property for that purpose the legacies must abate unless the testator charges the real estate with their payment.

3. SAME—*legacies may be made a charge upon real estate by implication.* The intention to make legacies a charge upon real estate may be evidenced by express words or may be implied from a consideration of the whole will.

4. SAME—*when legacies are a charge upon real estate.* Where a testator bequeaths legacies to his various sons and daughters which aggregate more than the amount of his personal property, and devises "the rest, residue and remainder of my estate * * * to my sons and daughters, to share and share alike," such residue is given in one mass and legacies are a charge upon residuary real estate.

BOGGS, C. J., and HAND, J., dissenting.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

This is a bill for partition, filed on April 12, 1899, by the appellant against the appellees, brothers and sisters of the appellant, and children of George C. Williams, deceased, and the executors of the will of said George C. Williams, deceased, praying for the partition of seventy-eight acres of land in Fulton county, alleged to be the residuary estate of said George C. Williams, deceased, who was a widower at the time of his death. The bill

alleges, that George C. Williams died testate on January 3, 1899, the owner seized in fee of said seventy-eight acres of land. The will of the deceased was dated May 23, 1898, and a codicil thereto bears date December 9, 1898. The will and codicil were admitted to probate on February 8, 1899, in the county court of Fulton county. The seventy-eight acres are described in the bill as the south one-half of the north-east quarter of section 21, township 8 north, range 2 east, containing seventy-eight acres, more or less. The bill alleges that the complainant therein, the appellant George W. Williams, and his brothers and sisters, the appellees, James S. Williams, Martin L. Williams, Martha Criger, Florence White and Josephine Price, are seized in fee of said seventy-eight acres as tenants in common, and that each owns an undivided one-sixth part thereof in fee simple. The deceased was at the time of his death seventy-seven years old. ·

The first clause of the will is as follows: "I give and bequeath to my son, George W. Williams, forty acres of land, the same being the north-east forty of section 22, township 8, north of range 2, east of the fourth principal meridian, county of Fulton and State of Illinois." By the second, third, fourth, fifth and sixth clauses of the will the testator gives and bequeaths to his son, James S. Williams, $200.00; to his son, Martin L. Williams, $400.00; to his daughter, Martha M. Criger, $500.00; to his daughter, Florence White, $450.00; and to his daughter, Josephine Price, $800.00. By the seventh clause of the will the testator gives and bequeaths to his daughter, Isabel Slater, twenty-one and one-half acres of land, described as follows: "Being off the north side of the south-east quarter of the south-west quarter of section 22, township 8, north of range 2. * * * Provided, the said Isabel Slater pays to me or my estate $150.00 before she gets possession or is seized of said described land." By the eighth clause of the will the testator states that it is his desire that his daughter, Josephine Price, and her hus-

band, Frank Price, shall live in the house on his home place, and furnish him with a comfortable home with them until his death, without any further fee or compensation than the benefits herein bequeathed, and that, as compensation for their care and attention to him, they shall have the use of his home farm and appurtenances for one year next after his death free of rent, except that they shall pay the taxes on the same, and keep the fences in good repair. By the ninth clause of the will he gives and bequeaths to his son, George W. Williams, the appellant, $200.00 in addition to any other bequest to him made therein.

The tenth clause of the will is as follows: "I give and devise all the rest, residue and remainder of my estate after my debts and funeral expenses are paid to my sons and daughters to share and share alike. Provided, that Isabel Slater, my daughter, shall have no part, share or lot in this distribution save the specified bequest of land made her in article No. 7."

By the codicil to the will the testator revokes the gift of $200.00 to appellant, and bequeaths to his daughter, Florence White, $50.00 in addition to the $450.00 named in the will; he also therein provides that his daughter, Isabel Slater, shall have the use of the twenty-one and one-half acres of land above mentioned in her lifetime, and provides that at her death it shall revert in fee simple to her two daughters, Mary and Kate Slater, but releases her from the obligation of paying $150.00 as specified in the will. By the codicil he further gives and bequeaths to his daughter, Josephine Price, "all my personal effects, such as beds, bedding, clothing, etc."

The defendants in their answer admit that George C. Williams, at the time of his death, was seized of the seventy-eight acres mentioned, and that he made his will as stated in the bill, and that the same was admitted to probate after his death; also, that the appellant and his two brothers and three sisters own said premises as ten-

ants in common in fee simple; but deny that the interests of the parties are as set forth in said bill; and aver that the testator made the legacies above mentioned, and the payment of his debts, a charge upon said seventy-eight acres and the forty-one acres hereinafter mentioned, and that the appellant and his said brothers and sisters are each seized of one-sixth of the residue and remainder in all of the said premises, after the payment of the said legacies and debts in full. The answer avers, that the personal property, belonging to the estate of the deceased, amounted to but $1073.44; that over $400.00 of valid claims have been allowed against the estate, not including costs of administration; that the personal property of the estate is insufficient to pay the debts and legacies; that the premises mentioned in the bill are liable and burdened for the payment of the same. The answer denies, that the seventy-eight acres described in the bill are the only real estate owned in common by the parties, but alleges that, at the time of making the will and at the time of the death of George C. Williams, he was seized in fee simple of the following premises, to-wit: "Lot 11 being the south two-sevenths of the south-west quarter of the north-west quarter of section 22; also the east half of the north-west quarter of the south-west quarter of said section 22; also ten acres off of the north side of the west half of the north-west quarter of the south-west quarter of said section 22, except one acre, as follows: (describing the one acre), all in township 8, north, range 2, east of the fourth principal meridian, in the county of Fulton, * * * the whole being forty-one and one-half acres more or less;" that these forty-one and one-half acres are also owned in common by the parties; and that they are each entitled to an undivided sixth part of the same after payment of debts and legacies.

The defendants filed a cross-bill, asking for the partition of the lands last above described, alleged to contain the forty-one and one-half acres. The appellant filed

a separate answer to the cross-bill, and a demurrer to part thereof. The demurrer was to so much of the bill as alleged that the legacies, provided for in the will and codicil thereto, constituted a charge upon the real estate of the deceased testator. The answer to the cross-bill denies that the testator died intestate as to the forty-one acres more or less, described in the answer to the original bill and in the cross-bill; and alleges that the forty-one acres more or less in question were specifically devised to appellant by the first paragraph of the will; that the scrivener, who drew the will, made a mistake as to the premises intended to be devised; and described the same as "forty acres of land, the same being the north-east forty of section 22," etc.; that it was his intention to devise to the appellant the tracts of land, above described as amounting to forty-one and one-half acres, instead of the land described in the first paragraph of the will. The answer to the cross-bill alleges that the tract, described as containing forty-one and one-half acres, was the only tract of land, of which the testator was seized in said section 22 in his lifetime, that was not specifically described correctly in the will and therein devised to other devisees; that at the time of his death, and at no time prior thereto, was the testator seized in fee of the premises described in the first paragraph of his will; that it was his intention to devise to appellant the said tract of ground, described as containing forty-one acres more or less. The answer avers that none of the other parties, except the appellant, have any interest whatever in and to the said last named premises, and denies that any of the cross-complainants are entitled to a partition of the same, but avers that he is still the exclusive owner thereof, and is in possession and occupancy of the same.

An order of reference was made to a special master to take proof and report the same to the court.

On June 5, 1900, the circuit court entered a final decree, approving the report of the master, and finding that

George C. Williams at the time of his death was seized in fee simple of the seventy-eight acres described in the original bill, and likewise of the forty-one acres described in the cross-bill; that by his will the testator gave, devised and bequeathed all of said real estate unto his children above named, except Isabel Slater, each having a one-sixth part thereof as tenant in common in fee; that the testator made each and every one of the money legacies in the will and codicil thereto a charge upon all of the said real estate above described, except that devised to Isabel Slater; that the whole of said premises constituted the home farm of the testator, when he made his will and the codicil thereto, and also at the time of his death; that the allegations in the cross-bill are true, and that partition and division ought to be made, as therein prayed, of the premises therein described, as well as of the premises described in the original bill. The decree orders, adjudges and decrees that the appellant and his five brothers and sisters are each entitled to a sixth part of the premises, subject to the payment of any deficiency of the personal property to pay the money legacies mentioned in the will and codicil, etc. The decree also orders, that appellant pay one-half the costs made before the master, including witness fees, and that the balance of the costs be paid by the two brothers and three sisters who are appellees herein, each a sixth part thereof.

The present appeal is prosecuted from the decree, so entered by the court on June 5, 1900.

CHIPERFIELD, GRANT & CHIPERFIELD, for appellant:

While the general rule is that the intention of the testator is to be gathered from an inspection and consideration of the will, and from no other source, yet in case of latent ambiguity the courts do and must listen to extrinsic evidence,—not for the purpose of contradicting or adding to the terms of the will, but for the purpose of determining the existence or non-existence of latent am-

biguity, and to enable the court to look upon the will in the light of the facts and circumstances surrounding the testator at the time the will was made, whereby to determine the intention of the testator. *Decker* v. *Decker*, 121 Ill. 341; *Whitcomb* v. *Rodman*, 156 id. 116; *Gillmer* v. *Stone*, 120 U. S. 586.

Latent ambiguity is only disclosed by extrinsic evidence. It follows that if removed at all it must be removed by extrinsic evidence. *Patch* v. *White*, 117 U. S. 210.

If on the face of the will the subject matter of the devise is clear, but on inquiry it is found that the descriptive words of the devise are, in part, false,—that the parcel of land appearing to be devised did not belong to the testator,—then we may strike out of the description of the premises appearing to be devised so much as is false, and if enough remains in the will, interpreted in the light of the surrounding circumstances at the time the will was made, to identify the premises devised, the intention of the testator as thus disclosed will be carried out. *Decker* v. *Decker*, 121 Ill. 352; *Whitcomb* v. *Rodman*, 156 id. 116.

Where latent ambiguity consists of a misdescription, if it can be stricken out and enough remain in the will to identify the person or thing the court will so deal with it, or, if an obvious mistake, will read it as if correct. *Patch* v. *White*, 117 U. S. 210; *Decker* v. *Decker*, 121 Ill. 350.

Where a testator leaves both real and personal property, if the personalty is not sufficient to pay both debts and legacies the legacies must abate, unless the realty is charged with their payment. *Showalter* v. *Showalter*, 38 Ill. App. 208.

Legacies are not a charge upon the real estate of a testator unless expressly or impliedly made so by the terms of the will. In the absence of latent ambiguity, extrinsic evidence is not admissible to show an intention on the part of the testator to make legacies a charge upon his real estate. *Wentworth* v. *Read*, 166 Ill. 139.

MARVIN T. ROBISON, for appellees:

Legacies may be made a charge upon real estate in express terms or by implication. *Heslop* v. *Gatton*, 71 Ill. 528.

While, primarily, personal property is the fund for the payment of debts and general legacies unless a contrary intention on the testator's part satisfactorily appears, yet such intention need not be shown by express words. It may be implied from the whole will. *Reid* v. *Corrigan*, 143 Ill. 402.

Where a testator makes a bequest of legacies and then disposes of the balance of his estate in a residuary clause, commingling real and personal property, the legacies will be a charge upon the real estate so devised. *Brooks* v. *Brooks*, 65 Ill. App. 326.

If legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real as well as personal estate. 13 Am. & Eng. Ency. of Law, (1st ed.) 117, and authorities cited in note 4.

A mistake in the description of land devised in a will cannot be corrected by a bill in equity; nor can this be done indirectly, by pretense of construing the will. *Bingel* v. *Volz*, 142 Ill. 214; *Whitcomb* v. *Rodman*, 156 id. 116; *Huffman* v. *Young*, 170 id. 290.

In construing wills the cardinal principle is, the intention of the testator must be gathered from the words as written in the will. *Heslop* v. *Gatton*, 71 Ill. 528; *Bingel* v. *Volz*, 142 id. 214; *Wentworth* v. *Read*, 166 id. 139.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Two questions are presented for our consideration by the record in this case: *First*, whether by the first clause of the will of the deceased, George C. Williams, appellant took the lands, described in the answer and the cross-bill as containing forty-one acres more or less; and, *second*, whether the legacies mentioned in the will were thereby

made a charge upon either or both of the tracts of land described, the one as containing seventy-eight acres more or less, and the other as containing forty-one acres more or less.

*First*—By the first clause of the will the testator gives and bequeaths to the appellant, George W. Williams, "forty acres of land, the same being the north-east forty of section 22," etc. The north-east forty acres of section 22 could not be located elsewhere than in the north-east quarter of section 22. It is conceded by both parties to this litigation, that the testator did not own forty acres of land, or any land at all, in the north-east quarter of section 22. Therefore, the first clause of the will, upon its face and by its literal terms, gave and bequeathed to the appellant forty acres of land, which the testator did not own.

In view of the fact, that the testator did not own forty acres of land in the north-east quarter of section 22, it is claimed by the appellees that a latent ambiguity exists, which arises under the evidence outside of the will. As a consequence, the rule is invoked that, where there is a misdescription of the property devised in a will, and the misdescription can be struck out so as to leave enough in the will to identify the property devised, the court will deal with it in that way. In other words, it is contended that so much of the description as is false may be struck out, if enough remains in the will, interpreted in the light of surrounding circumstances at the time it was made, to identify the premises devised. This doctrine has been announced by this court in a number of cases. (*Decker* v. *Decker,* 121 Ill. 341; *Whitcomb* v. *Rodman,* 156 id. 116; *Huff-man* v. *Young,* 170 id. 290).

The manner, in which the rule above announced is sought by the appellant to be applied to the present case, is as follows: It is said that the words, "the same being the north-east forty," may be stricken out as being false, leaving the description of the premises as follows,

to-wit: "Forty acres of land of section 22." The testator owned, at the time of his decease, the parcels of land described in the answer and cross-bill as containing forty-one acres more or less. These parcels of land, making up forty-one acres more or less, are in section 22; and it is claimed that the description as above corrected is sufficient to identify the forty acres mentioned in the first clause of the will. The contention of the appellant is that the intention of the testator was to devise to the appellant, George W. Williams, the parcels of land so alleged to contain forty-one acres.

It was held by this court in *Bingel* v. *Volz*, 142 Ill. 214, that, in construing a will, the intention to be sought for is not that which existed in the mind of the testator, but that which is expressed by the language of the will; and that, while reference may be made to surrounding circumstances for the purpose of ascertaining the objects of the testator's bounty, or the subject of disposition, and thus place the court as far as possible where it may interpret the language used from the standpoint of the testator at the time he employed it, still the rule is inflexible, that surrounding circumstances cannot be resorted to for the purpose of importing into the will any intention not therein expressed; and it was there held that, where a testator devised to his daughter seventy acres off the south side of the north-west quarter of a certain section 16, which he never owned or claimed to own, instead of seventy acres off the south side of the south-west quarter of said section 16, which he did own, the description in the will could not, by any rule of construction, be held to mean the land off the south side of the south-west quarter of section 16, and that parol evidence was inadmissible for the purpose of correcting the mistake. In *Bingel* v. *Volz, supra,* the doctrine, laid down in *Kurtz* v. *Hibner,* 55 Ill. 514, was re-affirmed and re-adopted; and in *Bingel* v. *Volz, supra,* we said, in reference to the description under consideration in that case

(p. 225): "If it be admitted that there are repugnant ele-
ments in this description, it is impossible to see what
repugnant element can be rejected so as to leave a de-
scription which will apply to the land which the appel-
lant claims.   If we reject the words 'north-west quarter,'
or 'north-west,' or 'north,' what remains does not apply
to the land in question.   The difficulty of the description,
as it appears in the devise, is, that it substitutes 'north-
west' for 'south-west,' and the correction of the descrip-
tion, so as to make it apply to the right tract, requires
not only that one of these words should be stricken out,
but that the other should be inserted.   It involves more
than construction; it requires reformation, and in this
State at least, courts of equity have persistently refused
to entertain bills to reform wills."

In *Huffman* v. *Young, supra,* the case of *Bingel* v. *Volz,*
*supra,* was referred to and was held to be not inconsist-
ent with the cases of *Decker* v. *Decker, supra,* and *Whitcomb*
v. *Rodman, supra;* and it was there said: "In the *Bingel*
*case,* an attempt was made to reform a will by striking
out certain words and inserting others, which it was held
could not be done." In *Huffman* v. *Young, supra,* the prop-
erty devised in the will was described as "sixty-two and
one-half acres off of the east side of the north-east quar-
ter of section No. 20;" and it was there held that the
words "off of the east side" might be stricken out so as
to leave the description as follows: "Sixty-two and one-
half acres off of the north-east quarter of section No. 20;"
but it there appeared that, although the testator did not
own sixty-two and one-half acres off of the east side of
the north-east quarter, yet he did own sixty-two and one-
half acres in the eighty-acre tract lying in the north end
thereof.   The case at bar, however, is different from the
case of *Huffman* v. *Young, supra,* and presents a state of
facts, which brings it within the doctrine of the cases of
*Bingel* v. *Volz, supra,* and *Kurtz* v. *Hibner, supra.*   Here, the
testator owned a tract of land in the south-west quarter

of the north-west quarter of section 22, containing about twelve acres, certainly more than eleven acres. Some of the testimony tends to show, that the number of acres, contained in it, was twelve acres, but it certainly contained more than eleven acres, and at least 11.54 acres, the quantity of land contained in it being more than a half acre in excess of eleven acres. The testator also owned two tracts, one of nine acres, and the other of twenty acres, lying in the north-west quarter of the south-west quarter of section 22, the twenty acres being the east half of said north-west quarter, and the nine acres being off of the north side of the west half of the said north-west quarter. These three parcels of land, the first containing between eleven and twelve acres, the second containing nine acres, and the third containing twenty acres, were none of them in the north-east quarter of section 22, but the first was in the south-west quarter of the north-west quarter of section 22, and the last two were in the north-west quarter of the south-west quarter of section 22. To put these three descriptions together into the will, in order to give it effect, would be in direct violation of the rule of construction laid down in *Bingel* v. *Volz, supra.* It would amount to an attempt to reform the will of George C. Williams by striking out certain words and inserting others. "The law requires that all wills of lands shall be in writing, and extrinsic evidence is never admissible, to alter, detract from, or add to, the terms of a will. To permit evidence, the effect of which would be to take from a will plain and unambiguous language, and insert other language in lieu thereof, would violate the foregoing well established rule." (*Kurtz* v. *Hibner, supra*). The first clause of the will attempts to give and bequeath to the appellant forty acres of land, but the three tracts in section 22, which it is claimed the testator intended to give and bequeath to appellant, contained more than forty and one-half acres, if not forty-one acres. Hence, the quantity of land in the tracts,

sought to be substituted for the description in the will, is not the same, as the quantity of land devised by the terms of the first clause of the will.

We are, therefore, of the opinion that the court below decided correctly in holding, that the tract described in the answer and cross-bill, as containing forty-one acres more or less, was not devised to appellant by the first clause of the will.

A large amount of testimony was introduced by the appellees, tending to show that many years before his death, the testator owned forty acres of land in the north-east quarter of the south-east quarter of section 22, called the "Cope tract;" that the deed, conveying it to him, described the grantee as George Williams, instead of George *C.* Williams; that the appellant, whose name is George *W.* Williams, sold the Cope tract to a third party as his own; that, there being some dispute as to whether the Cope tract was owned by the father or the son, the father, in making his will, devised the Cope tract of forty acres to his son, so as to settle the dispute, and make the title of the latter's grantee good; and that it was the testator's intention to devise the Cope tract by the first clause of the will. We do not deem it necessary to discuss this branch of the case, or to pass any opinion upon it.

*Second*—The next question is, whether the legacies, mentioned in the will and the codicil thereto, are charges upon the tracts described, the one in the original bill as containing seventy-eight acres more or less, and the other in the cross-bill as containing forty-one acres more or less. This question must be determined entirely from the provisions of the will itself. It is conceded here, that the personal property is not sufficient to pay the legacies mentioned in the will. The general rule is, that the debts and pecuniary legacies are to be paid from the personal property, and, where there is a deficiency of personal property for that purpose, the legacies must abate, unless the testator charges his real estate with their payment.

The charge upon the real estate may be made by express directions to that effect contained in the will, but the intention of the testator to charge the real estate with the payment of the legacies may be implied from the whole will taken together. In other words, legacies may be made a charge upon real estate, either in express terms, or by implication. (*Heslop* v. *Gatton*, 71 Ill. 528). In the present will, there are no words, which amount to an express charge of the payment of the legacies upon the real estate, and the question, therefore, arises whether the terms of the will are such, as that an intention on the part of the testator to make such charge can arise by implication therefrom. It is a general rule well established by both English and American decisions that, if legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge upon the residuary real as well as personal estate. (13 Am. & Eng. Ency. of Law,—1st ed.— p. 117).

In *Reid* v. *Corrigan*, 143 Ill. 402, it was said, quoting from *Duncan* v. *Wallace*, 114 Ind. 169: "Where a testator gives legacies, and so disposes of all his personal property that it cannot be made available for the payment of the legacies, the natural presumption is that he intended to charge the land with the payment of the legacies, since a different rule would attribute to him a purpose to make a gift in appearance and not in reality." In *Reid* v. *Corrigan, supra*, it was also said: "If the residuary clause in this will had read, 'all the rest, residue and remainder of my *estate*' or *'property,'* it would scarcely have been questioned that the testator only intended appellees to have so much of the rest of his real estate as remained after the payment of the legacy to appellant. \* \* \* By holding that the expression, 'rest, residue and remainder,' was intended to limit the devise to appellees to that part of his estate which should remain after deducting all that had been previously bequeathed, effect can

189—33

be given to the entire will, whereas to say that by their use he intended to devise all of his real estate not previously devised, without reference to said legacy, we are forced to defeat an intention as clearly expressed as language can make it, or attribute to him the inconsistency of having made his niece the object of his bounty by words, at the same time intending that she should never enjoy that bounty."

In the case at bar, the testator bequeathed different sums of money to his sons and daughters, and he must have known that his personal property, excluding such part of it as he gave to his daughter, Josephine Price, was not sufficient for the payment of the legacies. It is, therefore, natural to suppose that he intended to charge the residuary lands of his estate with the payment of the legacies. By the terms of the tenth clause of the will, the testator gives and devises "all the rest, residue and remainder of my estate, after my debts and funeral expenses are paid, to my sons and daughters, to share and share alike." This language brings the present will within the rule announced in *Reid* v. *Corrigan, supra.* After the legacies are given generally, "the rest, residue and remainder of my estate" are given in one mass to his sons and daughters; and it follows that the legacies must be a charge on the residuary real estate.

We are, therefore, of the opinion that the decree of the court below was correct in making the payment of the legacies a charge upon both the tracts of land above mentioned.

For the reasons above stated, the decree of the circuit court is affirmed.                    *Decree affirmed.*

BOGGS, C. J., and HAND, J., dissenting.