(No. 26320.—

Eva Lenzen *et al.* Appellants, *vs.* Joseph N. Miller *et al.* Appellees.

*Opinion filed November 18, 1941.*

172

John Logan Boyles, and John V. Mooradian, for appellants.

Clarence W. Diver, William M. Carroll, and Cassels, Potter & Bentley, (George C. Bunge, of counsel,) for appellees.

Mr. Chief Justice Murphy delivered the opinion of the court:

This suit was instituted to construe the will of Peter Miller and determine the character of the bequest therein given to plaintiff Eva Lenzen. The circuit court of Lake

county construed it as giving plaintiff a demonstrative legacy payable from the general residuary assets of the estate. On appeal the Appellate Court reversed the circuit court and held the legacy to be specific, and, since the specific fund devised was not in existence at the death of the testator, the legacy was adeemed. The case is here for further review on a certificate of importance issued by the judges of the Appellate Court.

The will contained three paragraphs, the first and third of which made provisions for the payment of debts and the naming of an executor. The second paragraph is as follows:

"Second, after the payment of such funeral expenses and debts, I give, devise and bequeath to my niece Mrs. Eva Lensen of Grays Lake, Ill.: Two Thousand Dollars ($2000.00), said ($2000.00) not to be paid until such time that my Executor hereinafter named realizes the amount on the Mortgage of my farm which matures March 1st, 1927, as I wish this ($2000.00) to be paid to the aforesaid Eva Lenzen out of this Mortgage.

"To my daughter-in-law Lucy Wegener of McHenry, Illinois, I devise, and bequeath the sum of Five Dollars ($5.00).

"The remainder of my entire Estate of every name, nature and description, I devise and bequeath to my daughter Margaret Stilling, and my son Joseph N. Miller, said remainder to be divided by them in equal shares."

The will was executed March 2, 1921. The testator died on August 17, 1924. The will was admitted to probate October 6, 1924, and Joseph N. Miller, the executor named in the will, duly qualified as such executor and continues to act in that capacity. Plaintiff (appellant) Lincoln Y. Sikes is an assignee of a part of the interest of Eva Lenzen and was joined as plaintiff. The defendants are the executor, Joseph N. Miller and Margaret Stilling, the residuary legatees, and Clarence W. Diver, their judgment creditor. The plaintiff Eva Lenzen, described in the will as the niece of the testator, was a granddaughter, and she and the two residuary legatees, Joseph N. Miller a son, and Margaret Stilling a daughter, are his only heirs-at-law.

The following facts show the character and condition of testator's property at the time of the execution of the will and the changes that occurred after the making of the will and prior to his death. In 1913, Peter Miller contracted to convey his farm of 206 acres, located in Lake county, to Murray D. Akin, for a consideration of $13,360. The contract provided for Akin's entering into possession of the property and for the payment of specified annual amounts with interest thereon until the unpaid consideration was reduced to $7000. Had all the payments of principal been made to March 1, 1922, the unpaid balance would have been reduced to $7000. The contract provided that on March 1, 1922, Akin was to receive a deed and Miller was to take back a first mortgage for the unpaid balance of $7000, the same to draw interest and to mature March 1, 1927. It is conceded this mortgage is the one to which the testator made reference in his will.

Akin paid the interest due on the contract March 1, 1921, but defaulted in the principal. No further payments of principal were made but the interest due March 1, 1922, was paid. By reason of Akin's default in this installment of principal, Miller did not make the deed on March 1, 1922, and consequently, the note and mortgage for $7000 never came into existence. Thereafter, Miller declared a forfeiture and through a forcible entry and detainer action recovered possession of the property. Later he instituted a suit to remove from the records as clouds upon his title certain lien instruments executed by Akin. That case came to this court and is reported in *Miller* v. *Akin,* 350 Ill. 186.

For general purposes legacies are classified as general, specific and demonstrative. A general legacy is a gift of personal property by will, not amounting to a bequest of a particular thing or of particular money or of a particular fund which is designated and distinguished in the will from all others of the same kind. A specific legacy is a bequest of a specific article or of a particular fund which

the will distinguishes from all the rest of the testator's estate of the same kind. (*Baker* v. *Baker,* 319 Ill. 320.) Demonstrative legacies are bequests of sums of money which are not made as a specific gift but are made payable out of a particular fund belonging to the testator. (*Tanton* v. *Keller,* 167 Ill. 129.) A demonstrative legacy bears some of the characteristics of both general and specific legacies. It partakes of the nature of a general legacy by bequeathing a specified amount and of the characteristic of a specific legacy by pointing out the fund from which the payment is to be made. However, it differs from a specific legacy in the particular that if the fund pointed out from which the payment is to be made fails, resort may be had to the general assets of the estate. *Baker* v. *Baker, supra; Crawford* v. *McCarthy,* 159 N. Y. 514, 54 N. E. 277; *Nusly* v. *Curtiss,* 36 Col. 464, 85 Pac. 846.

The law of ademption as it is related to legacies applies only to those that are specific,—that is to say if a specific article or specific money is bequeathed and the subject matter of the bequest is not in existence at the time of the death of the testator there is an ademption of such bequest. The doctrine of ademption does not apply to a demonstrative legacy if the fund out of which it is directed to be paid fails but is payable as a general legacy. *Tanton* v. *Keller, supra; Baker* v. *Baker, supra.*

The inclination of the courts is to hold legacies to be general or demonstrative rather than specific, and to make a legacy specific the terms employed in the will creating such legacy must clearly require such a construction. (*Tifft* v. *Porter,* 8 N. Y. 516; *Maxim* v. *Maxim,* 129 Me. 349, 152 Atl. 268; 73 A. L. R. 1244.) This rule of construction arises out of the recognition of the hardship that follows the doctrine of ademption and which declares a specific legacy as lost if the subject of it is disposed of or extinguished by the testator in his lifetime. It is said that the presumption is stronger that a testator intends some

benefit to the legatee than that he intended some benefit to the legatee only upon the collateral condition that he should remain the owner of the property until his death. *Maxim v. Maxim, supra.*

Where a bequest is of money and the wording of the will indicates an intention to bequeath the whole or a part of a particular fund, the test as to whether it is a specific of demonstrative legacy is whether the legacy is a gift of the specified fund or a gift of a specified sum with a specified fund to stand as security for its payment. If it falls within the former class and the fund fails during the lifetime of the testator, there is an ademption and the legatee takes nothing. If it comes within the latter class, the legacy does not fail although the fund may have been extinguished in the lifetime of the testator, but it is payable from the general assets of the estate on the same condition and terms of a general legacy. *Maxim v. Maxim, supra.*

In the case at bar, the words: "After the payment of such funeral expenses and debts, I give, devise and bequeath to my niece, Mrs. Eva Lenzen, of Grays Lake, Ill. $2000" indicates an intent to give Eva Lenzen the sum of $2000. The quoted part could not be given a construction other than that it is a bequest of $2000 and payable as a general legacy.

The rule being that before a will may be construed as creating a specific bequest the words used by the testator must clearly indicate an intention to create a specific legacy, the question then is: Did the language used by the testator in the latter part of the second paragraph show an intent to reduce or restrict the general legacy provided for in the quoted part of the paragraph to a specific bequest? The words "said $2000 not to be paid until such time that my executor hereinafter named realizes the amount on the mortgage of my farm which matures March 1, 1927" is a limitation upon the time of payment and not a restriction or limitation upon the gift. The two parts quoted, when

considered together, evidence an intention to give plaintiff $2000 but to restrict the time of payment until the executor is able to realize that amount out of the mortgage. The words of the third part of the second clause "as I wish this $2000 to be paid to the aforesaid Eva Lenzen out of this mortgage" does not evidence an intent to give them the force of absolutely controlling the payment from the mortgage fund or of changing the general legacy first given to a specific legacy. They refer to the payment and not to the giving of the legacy.

It is well established that the intention of the testator which courts will carry into effect is that expressed by the language of the will. This language will be interpreted in view of the circumstances surrounding the testator and evidence will be received to show those circumstances, but it will not be permitted to import into the will an intention different from that expressed by its language, however clearly such different intention may be made to appear. (*Hollenbeck* v. *Smith,* 231 Ill. 484; *Kurtz* v. *Hibner,* 55 id. 514; *Bishop* v. *Morgan,* 82 id. 351.) The application of this rule permits a consideration of the circumstances under which testator executed his will. At the time of its execution on March 2, 1921, the only default Akin had made in his contract was the failure to pay the installment of principal due the previous day. It is evident the testator assumed that Akin would meet that payment and the one to be paid March 1, 1922, and that the mortgage would then be executed. Had the contract been carried out, testator's estate would have consisted solely of personal property. From the wording of the will it is evident the testator did not expect his will would be probated before the execution of the mortgage. He was undertaking to dispose of an estate which he then thought would consist entirely of personal property. His intent was to give the plaintiff $2000 and the remainder, less the $5 bequest, to his son and daughter. It was a demonstrative legacy, and

since the fund from which it was payable was not in existence at the death of the testator it was payable as a general legacy.

The further question is presented as to whether it is payable solely from the personal property or whether it is payable from the general residuary assets of the estate which now includes the real estate. It was alleged in the complaint and admitted by the answer that the inventoried estate consisted of the 206 acres of farm land and securities, cash on hand and accounts of the value of $5674.83. The evidence shows the value of the farm land to be approximately $20,000. It is also alleged and admitted by the answers that no claims were allowed or filed against the estate and that there were no debts of said decedent that remained unpaid.

The circuit court, after declaring plaintiff's bequest to be a demonstrative legacy, decreed that she had a first and prior lien on the real estate to the amount of the legacy, plus interest, and ordered that if payment was not made within a specified time the master in chancery should sell the land at public auction and out of the proceeds of the sale he should pay the costs of the proceeding, the amount due plaintiff, which included the legacy of $2000 plus $743.54 interest at five per cent from November 9, 1932, to date of decree, and interest on the total of $2743.54 to date of payment; he should pay the judgment defendant Clarence W. Diver held against the residuary legatees and the balance then remaining he should divide between the residuary legatees. Provision was also made for a statutory period of redemption after the sale.

The general rule is that the debts and pecuniary legacies are to be paid from the personal property and where there is a deficiency of personal property for that purpose, the legacies must abate unless the testator charges his real estate with their payment. (*Williams* v. *Williams,* 189 Ill. 500; *Jenne* v. *Jenne,* 271 id. 526.) The fact that plain-

tiff's bequest was a demonstrative legacy does not make it a lien on the real estate unless there is something in the will to show an express or implied direction to that effect. As to being a charge upon the real estate it stands on the same basis as a general legacy.

There is no provision in this will which expressly directs plaintiff's bequest shall be a charge upon the real estate. In the making of the will testator considered his estate would consist of personal property, and such circumstance was proper to be taken into consideration in determining his intention in the making of the will, but it can not control in the payment of the legacy over the actual condition of the estate at the time of the testator's death. After the will was drawn the testator declared a forfeiture of the contract and took steps to recover possession of the farm land and to quiet the title in him, but he did not change the will to meet the changed condition of his estate.

Appellants rely upon *Williams* v. *Williams, supra,* where it is held that a legacy may be a charge upon the real estate either by express directions contained in the will, or it may arise by necessary implication from the language used. In that case the testator directed the payment of several legacies, the aggregate being in excess of the personal property he then possessed. The rest and residue of the estate was devised to certain other beneficiaries. It was held that since he had bequeathed legacies in excess of his personal property with a direction as to the residue, it was an implied direction that the legacies should be paid from all the assets and they were, therefore, a charge on the real estate passing under the residuary clause. That case is distinguishable from the case at bar in that the inventoried assets of the estate in this estate show personal property in excess of the legacies.

The circuit court erred in decreeing plaintiff's claim against the estate to be a charge upon the real estate. It was payable only out of the personal assets of the estate. The

executor testified on cross-examination that he had used approximately $2000 of the personal assets to pay taxes levied against the land and that he had also paid certain amounts to the attorney representing the estate. The question of the priority of the tax claim over plaintiff's legacy was not an issue in the case. This matter, and the other matters pertaining to the administration of the personal property, will have to be determined in the county court where the estate is still pending.

For the reasons stated the judgment of the Appellate Court is reversed. The decree of the circuit court is affirmed in so far as it declares that plaintiff's bequest was a demonstrative legacy and fixes the amount due her, but it is reversed as to that part which holds that the amount of plaintiff's legacy is a first and prior lien on the real estate and directs a sale thereof. The cause is remanded to the circuit court with directions to proceed in accordance with the views expressed.

*Judgment of Appellate Court reversed; decree of circuit court affirmed in part, reversed in part, and remanded with directions.*