Hattie E. WEXMAN, Plaintiff-Appellee,

v.

Todd Ellis WEXMAN, as Trustee of the Joseph K. Wexman Trust, and individually, Defendant-Appellant.

No. 83–3042.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 3, 1984.

Decided Feb. 4, 1985.

Norman Hanfling, Chicago, Ill., for plaintiff-appellee.

Marshall Patner, Orlikoff, Flamm & Patner, Chicago, Ill., for defendant-appellant.

Before ESCHBACH, COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

The appellant Todd Ellis Wexman ("Trustee") appeals from a district court order finding that the interest of Hattie Wexman in an estate created by Joseph Wexman is unaffected by the actions taken by Hattie Wexman's husband, Marcus Wexman, who acted as a co-Trustee for the estate. The appellee, Hattie Wexman, brought an action to compel Todd Ellis Wexman, the co-Trustee of the estate, to distribute her remainder interest to her. The Trustee contends that the trust created a specific gift for Hattie Wexman that was adeemed through the alleged defalcations of the deceased co-Trustee Marcus Wexman, the late husband of Hattie Wexman. Hattie Wexman, however, contends that her gift was a vested general gift and that if in fact defalcations occurred all beneficiaries should bear the loss proportionally. We affirm.[1]

## I.

In 1956, Joseph Wexman wrote a will establishing a trust for the benefit of his family. The will gave the residue of the decedent's estate to Marcus Wexman and Todd Ellis Wexman as co-Trustees, and provided, in relevant part, that the Trustees were to distribute the trust corpus as follows: 50 percent for the benefit of the decedent's wife, Harriett; 40 percent for the benefit of various members; and 10 percent for the benefit of Hattie Wexman, subject to the life income interest of Marcus Wexman. The specific text of the will providing for Hattie Wexman's interest, which provision is the subject of this appeal, reads as follows:

> *"Ten percent (10%) of it shall be held by the Co-Trustees for the benefit of my*

---

[1] Jurisdiction for this case is based upon the diversity of citizenship provisions in Title 28 U.S.C. § 1332. The parties have agreed that Illinois law, where existing, controls the disposition of this case.

*beloved brother, Marcus Wexman, and the income received therefrom shall be paid to him monthly during his lifetime and, upon his death, to his wife, HATTIE E. WEXMAN, if living, for a period of five (5) years after his death, at which time the principal of this portion of the trust shall be paid to her.* In the event she predeceases my brother then, at his death, his children, then living, shall receive the principal of his portion of the trust estate, share and share alike. In the event my beloved brother predeceases me, then the income from this portion of the trust estate shall be payable for five (5) years to his wife, HATTIE E. WEXMAN, if living. If HATTIE E. WEXMAN predeceases him, then to his children share and share alike. The payment of income from this portion of the trust estate shall cease after a period of five (5) years after my death, if my brother has predeceased me, and the principal of this portion of my trust estate shall be payable to HATTIE E. WEXMAN, if living, or to the children of my brother, then living, share and share alike. *The share herein set forth shall be payable in cash or in kind, at the sole discretion of the Co-Trustees."*

Following the death of Joseph Wexman in 1964, the trust was funded and administered by the Trustees according to the directions in the Will. Marcus Wexman died in 1969, and for five years thereafter, Hattie Wexman received monies from the trust.[2] In 1974, she became entitled to a distribution of her remainder interest in the trust principal. The surviving co-Trustee, Todd Ellis Wexman, made no effort to distribute the principal to Hattie Wexman. In 1981, Hattie Wexman commenced a suit in the United States District Court for the Northern District of Illinois, to recover her gift under the trust. In an answer to the complaint, the Trustee asserted that any interest that she might have acquired from the trust provision was subsequently extinguished or adeemed as a result of certain wrongdoings allegedly committed by her late husband, Marcus Wexman, who had acted as a co-Trustee of the trust. The surviving Trustee argued before the district court that the gift to Hattie Wexman had not vested and, further, that the defalcations totaled an amount exceeding the value of the ten percent of her interest in the trust's principal, such that any claim to the corpus was barred. The district court denied the Trustee's motion for summary judgment finding that as a matter of law Hattie Wexman's rights as a beneficiary of the trust were vested and, thus, not affected by any acts of wrongdoing that may have been committed by her husband, Marcus Wexman. From this order, the Trustee appeals.

## II.

The district court found, citing *McDonough County Orphanage v. Burnhart,* 5 Ill.2d 230, 125 N.E.2d 625, 633 (1955), that Hattie Wexman's interest was vested and her interest was not affected by any actions taken by Marcus Wexman acting as a Trustee. On appeal, the surviving Trustee does not argue that the gift was not vested, but instead renews his argument that Hattie's gift was a specific legacy that was wasted by the actions of Marcus Wexman.[3] We, however, hold that her interest was intended to be a general gift and, thus, was not subject to the alleged wrongdoings of Marcus.

---

**2.** At oral argument, the defendant Trustee's counsel was not sure whether the money which she received during the five-year period was from income earned on ten percent of the corpus of the trust or was a loan from the trust to Hattie Wexman.

**3.** This case is distinguishable from *In re Nostrand's Will,* 177 Misc. 1, 29 N.Y.S.2d 857 (1941) that was relied upon by the appellant in the district court. In *Nostrand's,* a trustee's default resulted in the defeasance of gifts to beneficiaries claiming through the trustee. However, in this case, Hattie Wexman claims the interest in the corpus in her own right, not through the alleged defalcating co-Trustee, Marcus Wexman. Thus, Hattie Wexman's rights as beneficiary under the trust were not affected by any actions or alleged wrongdoings which may have been committed by her husband, Marcus Wexman, acting as co-Trustee of the estate.

Under Illinois law, "[a] specific legacy singles out a particular thing or things that the testator intends the donee to have, with no regard being had to its value." *In re Berman's Estate*, 39 Ill.App.2d 175, 187 N.E.2d 541, 544 (1963). A general legacy, however, "is designated primarily by quantity or amount and may be satisfied out of the general assets of the testator without the necessity of delivering any particular chattel or fund to the legatee." *Id.* "The distinction between specific and general legacies is that the former singles out the particular thing which the testator intends the donee to have, no regard being had to its value, while the latter are payable out of the general assets, the chief element of the gift being its value." *Baker v. Baker*, 319 Ill. 320, 150 N.E. 284, 285 (1925). Further, "[t]he inclination of the courts is to hold legacies to be general or demonstrative rather than specific, and to make a legacy specific, the terms employed in the will must clearly require such a construction." *Lenzen v. Miller*, 378 Ill. 170, 37 N.E.2d 833, 836 (1941).[4]

 Joseph Wexman's will clearly gave ten percent of the trust's general assets or corpus to Hattie Wexman. The explanatory language in the will related to the time period when she was entitled to receive her share of the corpus, and did not designate any specific funds or assets from which the ten percent should be satisfied. The will itself created a single trust and did not direct the co-Trustees to administer the corpus as separate funds. At oral argument, the Trustee argued that the language in the trust, "[t]he share herein set forth shall be payable in cash or in kind, at the sole discretion of the co-trustees" somehow directs the Trustee to segregate the general assets of the trust into specific funds; however, this interpretation is, at best, strained since the quoted language obviously allows the Trustee discretion as to the type of payment to be made at the time payment is due, i.e., in "cash or in kind" from the general assets of the estate. Thus, the terms of the will do not clearly require the construction urged by the Trustee. "We cannot twist and distort the plain language of the testat(or) in the manner suggested by the appellant so as to supply contingencies or conditions which (he) has not expressed." *McDonough County Orphanage*, 5 Ill.2d 230, 125 N.E.2d at 633. Accordingly, we hold that the gift to Hattie Wexman was a general legacy.

Because we held that the bequest to Hattie Wexman was a general bequest, the arguments made at the close of the Trustee's brief concerning the use to which Marcus Wexman put the allegedly misappropriated funds are moot. If a defalcation did occur, Todd Wexman's fiduciary duties as Trustee require him to apportion the loss among all the beneficiaries of the trust. *See Restatement (Second) of Trust*, section 183, comment A; *see also United States v. Powell*, 307 F.2d 821, 825 (10th Cir.1962).

Finally, we note that Marcus Wexman, as beneficiary, had no interest in the corpus of the trust. His only interest was a life estate in the income from the ten percent of the corpus that was to go to Hattie Wexman upon his death. Thus, if in fact Marcus Wexman was guilty of wasting a portion of the corpus's assets he did so in his role as a Trustee, which gave him access to those assets, and not as a beneficiary of the trust. To apportion the loss only to Hattie Wexman, and not among all of the beneficiaries, would be to punish her solely for Marcus's mistakes made during the period he acted as a Trustee of the trust.

The decision of the district court is AFFIRMED.

---

4. In *Lenzen*, the Illinois Appellate Court held that a bequest of $2,000 to be paid from the proceeds of a mortgage that never materialized was a general or demonstrative request and, thus, was not adeemed.