2023 IL App (2d) 220164
No. 2-22-0164
Opinion filed February 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| PAUL BRUNO, CAROL KEATING, FRANK LAWRENCE BRUNO JR., ANNETTE O'CONNELL; MIKE BRUNO, LOUIS BRUNO, and FRANK LOUIS BRUNO, Individually and as Beneficiaries of the Nicholas Bruno Declaration of Trust, Dated September 27, 2007, | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs and Counterdefendants-Appellants, | ) ) ) ) | |
| v. | ) ) | No. 21-CH-65 |
| JAMES H. KNIPPEN, Individually and as Trustee of the Nicholas Bruno Declaration of Trust, Dated September 27, 2007; GERRAIN DOSEN; CELESTE CARLIN; CINDY VAUGHN; JEFF SITARZ; CHRISTINE JACHIMIAK; DIVA MONTELL, a/k/a Diva Montalto-Labno; JERI SEAMAN; EMILY LABNO; THE SEEING EYE, INC.; and KWAME RAOUL, Illinois Attorney General, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants and Counterplaintiffs | ) ) | |
| (James H. Knippen, Individually and as Trustee of the Nicholas Bruno Declaration of Trust, Dated September 27, 2007; Christine Jachimiak; Diva Montell, a/k/a Diva Montalto-Labno; Jeri Seaman; and Emily Labno, Defendants-Appellees). | ) ) ) ) ) ) | Honorable Kevin T. Busch, Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1 Plaintiffs, Paul Bruno, Carol Keating, Frank Lawrence Bruno Jr., Annette O'Connell, Mike Bruno, Louis Bruno, and Frank Louis Bruno, individually and as beneficiaries of the Nicholas Bruno Trust, dated September 27, 2007 (Trust), appeal the judgment of the circuit court of Kane County finding that a provision in the Trust created a demonstrative bequest as opposed to a specific bequest. Because the clear intent of the testator, Nicholas Bruno (Nicholas), as reflected in the plain language of the provision, was to create a specific bequest, we reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3 Plaintiffs, Nicholas's nieces and nephews, filed an amended complaint for declaratory judgment against defendants James H. Knippen, as trustee of the Trust; Gerrain Dosen; Celeste Carlin; Cindy Vaughn; Jeff Sitarz; Christine Jachimiak; Diva Montell, a/k/a Diva Montalto-Labno; Jeri Seaman; Emily Labno; The Seeing Eye, Inc.; and Kwame Raoul, Illinois Attorney General.[1] Plaintiffs sought a judgment declaring that a provision in the Trust directing the sale of certain real estate and giving the proceeds to plaintiffs was a specific bequest as opposed to a general bequest. Defendants filed a counterclaim alleging that the bequest was a demonstrative bequest and should thus be treated as a general bequest. Both sides filed cross-motions for summary judgment.

---

[1]Defendants Dosen, Carlin, Vaughn, Sitarz, The Seeing Eye, Inc., and Raoul have not filed appearances in this court. Thus, they are not parties to this appeal. Knippen filed an appellee's brief. Jachimiak, Montell, Seaman, and Labno filed appearances in this court but did not file a brief. They have moved to adopt Knippen's brief, and we now grant their motion.

¶ 4    The following facts were established during the summary judgment proceeding. On September 27, 2007, Nicholas executed the Trust. He later amended article III of the Trust. As amended, article III provided for the disposition, upon Nicholas's death, of "the balance of the Trust Estate remaining after all payments have been made pursuant to Article II" of the Trust. Paragraphs 1 to 10(a)[2] of article III each named a beneficiary and specified a monetary sum for that beneficiary to receive. Those paragraphs named all defendants except Raoul. Paragraph 10(b) of article III provided in pertinent part:

> "My nieces and nephews shall have the option, for a period of six (6) months after my death[,] to purchase at its fair market value any of the real estate which I own at my death, currently that includes[ ] [certain specific properties]. *** Any property not purchased under this option, shall be liquidated and divided equally among my nieces and nephews then living. If any of my nieces and/or nephews have predeceased me[,] then their share shall be divided equally among their children who are living on the date of my death."

¶ 5    At the hearing on the cross-motions for summary judgment, plaintiffs contended that paragraph 10(b) was a specific bequest because it was a gift of the proceeds of the sale of certain real property, as opposed to a gift of a certain amount of money. On the other hand, defendants asserted that paragraph 10(b) was a demonstrative bequest because it was a gift of a sum of money made payable out of a particular fund (the real estate sale proceeds) belonging to Nicholas the testator. According to defendants, because paragraph 10(b) was a demonstrative bequest, the real

---

[2]In article III, the first 10 paragraphs were numbered 1 to 10. The next paragraph was also numbered 10. For clarification, the parties have referred to the first paragraph numbered 10 as "10(a)" and the second paragraph numbered 10 as "10(b)." We adopt that approach.

estate sale proceeds would become part of the residue of the estate and be applied first to satisfy the general bequests in paragraphs 1 to 10(a) and then distributed among the nieces and nephews per paragraph 10(b).

¶ 6     The trial court found that the bequests in paragraphs 1 to 10(a) were general bequests. More importantly, the court found that the bequest in paragraph 10(b) was not a specific bequest but instead demonstrative. The court further ruled that the demonstrative bequest in paragraph 10(b) "shall be treated equally with the 'general legacies' " in paragraphs 1 to 10(a) and "shall be distributed to the general and demonstrative legatees on a *pro rata* basis." Thus, the court granted summary judgment in favor of defendants and denied summary judgment to plaintiffs. Plaintiffs, in turn, filed this timely appeal.

¶ 7                                    II. ANALYSIS

¶ 8     On appeal, plaintiffs contend that paragraph 10(b) of article III of the Trust was a specific bequest because it was a gift of a specific fund (created by the sale of certain real property), as opposed to a specific sum with a specified fund (real property) to stand as security for its payment. Defendants assert that paragraph 10(b) was a demonstrative bequest because the gift was of cash, the value of which was determined by the liquidated value of the real property.[3]

---

[3]We note that defendants request that we strike certain portions of plaintiffs' brief concerning "pre-litigation communications between the parties and their counsel." Defendants dispute plaintiffs' characterizations of those communications. They further assert that the communications are irrelevant to this appeal and should be stricken. Because the references to pretrial communications in plaintiffs' opening brief are not material to our decision, we will not consider them.

¶ 9     When parties file cross-motions for summary judgment, they agree that there are only questions of law to decide and they invite the court to decide the issue based on the record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. Summary judgment should be granted where the pleadings, depositions, and admissions on file, together with any affidavits, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020). We review *de novo* a trial court's ruling on cross-motions for summary judgment and the court's construction of trust language. *Schroeder v. Sullivan*, 2018 IL App (1st) 163210, ¶ 25.

¶ 10    We note that the parties do not dispute that the bequests in paragraphs 1 to 10(a) are general bequests. Thus, the sole issue before us is whether paragraph 10(b) of the trust created a specific or a demonstrative bequest. We resolve that issue under the established test provided by our supreme court.

¶ 11    Generally, legacies or bequests are classified as general, specific, or demonstrative. *Lenzen v. Miller*, 378 Ill. 170, 174 (1941). "A general legacy is a gift of personal property by will, not amounting to a bequest of a particular thing or of particular money or of a particular fund which is designated and distinguished in the will from all others of the same kind." *Lenzen*, 378 Ill. at 174. "A specific legacy is a bequest of a specific article or of a particular fund which the will distinguishes from all the rest of the testator's estate of the same kind." *Lenzen*, 378 Ill. at 174-75 (citing *Baker v. Baker*, 319 Ill. 320 (1925)). A demonstrative legacy is a bequest of a specific sum of money that is not made as a specific gift but is made payable out of a particular fund belonging to the testator. *Lenzen*, 378 Ill. at 175. "A demonstrative legacy bears some of the characteristics of both general and specific legacies." *Lenzen*, 378 Ill. at 175. "It partakes of the nature of a general legacy by bequeathing a specified amount and of the characteristic of a specific legacy by pointing

out the fund from which the payment is to be made." *Lenzen*, 378 Ill. at 175. However, it differs from a specific legacy in that if the identified fund fails, resort may be had to the estate's general assets. *Lenzen*, 378 Ill. at 175.

¶ 12    Further, the ademption doctrine, by which a bequest is declared lost, applies only to specific legacies; that is, if a specific article or specific fund is bequeathed and the subject matter of the bequest does not exist when the testator dies, there is an ademption of such bequest. *Lenzen*, 378 Ill. at 175. The ademption doctrine does not apply to a demonstrative legacy because, if the fund out of which it is to be paid fails, it is payable as a general legacy. *Lenzen*, 378 Ill. at 175.

¶ 13    "The inclination of the courts is to hold legacies to be general or demonstrative rather than specific." *Lenzen*, 378 Ill. at 175. Accordingly, to find a legacy specific, the terms of the will creating such legacy must clearly require such a construction. *Lenzen*, 378 Ill. at 175. That construction rule arises from the recognition of the hardship that the ademption doctrine causes when it declares a specific legacy lost if the subject of the legacy is disposed of or extinguished by the testator in his lifetime. *Lenzen*, 378 Ill. at 175.

¶ 14    The *Lenzen* court provided this criterion for determining whether a monetary bequest is specific or demonstrative:

> "Where a bequest is of money and the wording of the will indicates an intention to bequeath the whole or a part of a particular fund, the test as to whether it is a specific [or] demonstrative legacy is whether the legacy is a gift of the specified fund or a gift of a specified sum with a specified fund to stand as security for its payment. If it falls within the former class and the fund fails during the lifetime of the testator, there is an ademption and the legatee takes nothing. If it comes within the latter class, the legacy does not fail although the fund may have been extinguished in the lifetime of the testator, but it is

payable from the general assets of the estate on the same condition and terms of a general legacy." *Lenzen*, 378 Ill. at 176.

¶ 15    Here, the plain language of paragraph 10(b) clearly created a specific bequest. It did so because it bequeathed a fund that was to be created by the sale of certain identified real estate. Any real property not purchased by the nieces and nephews was to be sold and the proceeds distributed to the nieces and nephews in equal shares. Rather than bequeath a specific sum of money, paragraph 10(b) created a legacy of an undetermined amount of money. The clear intent of Nicholas was to give his nieces and nephews equal shares of an unspecified amount from a fund created by the sale of the identified real estate, as opposed to a specified sum of money. Had Nicholas intended to create a demonstrative bequest, he could have simply specified a sum to be given to each of his nieces and nephews (as he had with the general bequests) and identified the source of those monetary sums as the proceeds from the sale of the real estate. Instead of specifying a particular sum of money to be given to each niece and nephew, he gave them an equal share of the undetermined proceeds from the sale of the identified real estate. That is a classic example of a specific bequest.

¶ 16    Additionally, Nicholas's nieces and nephews were to receive the legacy only if the identified real estate was still in the estate at the time of Nicholas's death. Had the real estate been liquidated before Nicholas's death, there would have been nothing to sell and thus no fund to distribute under paragraph 10(b). Put another way, the doctrine of ademption would have left the nieces and nephews with no legacy under paragraph 10(b). However, we are not concerned here with the hardship of ademption. First, that hardship is given full account in the rule that a specific bequest will be found only where the relevant language clearly provides it. See *Lenzen*, 378 Ill. at 175. Paragraph 10(b) clearly provided that the gift to each niece and nephew was a portion of a

specified fund (proceeds of the sale of the real estate) and did not specify a sum with a specified fund as security for its payment (see *Lenzen*, 378 Ill. at 175). Second, there is no prospect of hardship here. Notably, in *Lenzen*, where the court identified an "inclination" (*Lenzen*, 378 Ill. at 175) to find legacies as general or demonstrative rather than specific, the legatee stood to receive nothing because the source of the fund standing as security for the specified sum of the gift did not exist when the testator died. *Lenzen*, 378 Ill. at 174-75. Accordingly, had the court not found the legacy demonstrative, the legatee would not have received the intended gift of a specified sum of money. Here, however, the real estate remained when Nicholas died. Thus, the nieces and nephews stood to receive the intended gift of the proceeds from selling the real estate. Accordingly, there simply is no ademption and thus no detriment resulting from our conclusion that paragraph 10(b) was a specific bequest. Further, unlike in *Lenzen*, here the nieces and nephews are not seeking to have paragraph 10(b) declared a demonstrative legacy to avoid any hardship from ademption. Rather, it is defendants—the general legatees under paragraphs 1 to 10(a) of article III—who seek to have paragraph 10(b) declared a demonstrative legacy so that they can share in the proceeds of the real estate sale. That is clearly not the concern identified in *Lenzen*.

¶ 17    0For the foregoing reasons, we hold that the bequest in paragraph 10(b) clearly created a specific legacy. Accordingly, because the trial court erred in finding that paragraph 10(b) created a demonstrative legacy, we reverse the summary judgment in favor of defendants and remand for entry of summary judgment in favor of plaintiffs.

¶ 18                               III. CONCLUSION

¶ 19    For the reasons stated, we reverse the judgment of the circuit court of Kane County and remand for further proceedings.

¶ 20    Reversed and remanded.

---

### *Bruno v. Knippen*, 2023 IL App (2d) 220164

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 21-CH-65; the Hon. Kevin T. Busch, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Ryan S. Smith, Michael S. Korman, and Mary E. Vanek, of Matlin Law Group, P.C., of Northbrook, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | John F. Hurlbut, of Hurlbut & Hurlbut, P.C., of Elgin, for appellee James H. Knippen. |
| | John J. Pcolinski Jr., of Guerard, Kalina & Butkus, of Wheaton, for other appellees. |

---